BASSET *v.* UNITED STATES.

1. Where a court sitting in place of a jury finds the facts, this court cannot review that finding.
2. A plea of *nul tiel record* raises a question of law, where the supposed record is of the court in which the plea is filed.
3. Therefore, where the record relied on is produced in such a case, and made part of the record by a statement of facts agreed on, it is a question of law whether it supports or fails to support the plea, and can be reviewed in this court.
4. It is competent for a court, for good cause, to set aside, at the same term at which it was rendered, a judgment of conviction on confession, though the defendant had entered upon the imprisonment ordered by the sentence.
5. In such case the original indictment is still pending, and a bail bond given after this, for the prisoner's appearance from day to day, is valid.

ERROR to the Circuit Court for the Northern District of Ohio.

The United States sued Basset and another on a recognizance of bail, to which they pleaded two pleas:

---

\* 6 Cranch, 138.                    † 4 Wallace, 326.

1. That there was no record of any such recognizance in the court.

2. That there was no indictment, as recited in said recognizance, pending against their principal when the recognizance was entered into, because they say that he had pleaded guilty to the indictment, and judgment had passed against him, and he had been delivered to the jail of Erie County, and had entered upon the expiation of his sentence.

The United States took issue on both these pleas, and the case was submitted to the court without a jury.

1. In respect to the first plea, the production of the record of the case showed that the recognizance was taken, and remained among the rolls and records of the court; so that there seemed nothing in the plea.

2. As regarded the second, it appeared by the record that to the indictment which the prisoner was held to answer by the recognizance, he had at an earlier period of the same term pleaded guilty, and had been sentenced to imprisonment in the jail of Erie County for six months, and was sent to that prison. But a few days after, on motion of the district attorney, he was brought back on a writ of *habeas corpus.* When he was thus brought again into court, on motion of the district attorney, the former judgment was set aside, and the prisoner had leave to withdraw his plea of guilty formerly entered. It was after this was done that the recognizance on which this action was brought was given, conditioned for the appearance of the prisoner from day to day during the term; and on his failing to appear the second day his recognizance was declared to be forfeited. *All of this took place during the same term of the court.*

The court below decided that there was a record of the recognizance denied by the first plea, and that there was no such record of conviction and sentence as that set up in the second plea. On motion of defendants a new trial was granted, which was also by the court, and on this trial a statement of facts, agreed to and signed by counsel for both parties, was presented to the court, on which it rendered the same judgment that it had before. This statement of facts con-

sisted of extracts from the records of the court, and it was upon the inspection of this record that the court decided the case.

The judgment was now brought here by Basset and the other obligors in the recognizance, and was *submitted by them, without counsel, upon the record;* and *contra, upon a brief of Mr. Hoar, A. G., and Mr. Field, Assistant A. G.*

Mr. Justice MILLER delivered the opinion of the court.

Both the pleas of the defendants were pleas of *nul tiel record,* the first denying the existence of the recognizance, and the second denying the pending of the indictment at the time the recognizance was taken. A plea of *nul tiel record* to a supposed record of the court in which the plea is made is tried by the court, because it is an issue to be determined by the inspection of its own records. But where the record of a foreign court is denied by this plea the issue is to be tried by a jury, because the existence of the record to be inspected must first be made by proof, which it may be necessary to submit to a jury.*

When a court sits in place of a jury and finds the facts this court cannot review that finding. If there is any error in such case, shown by the record, in admitting or rejecting testimony, it can be reviewed here. But when the court, by permission of the parties, takes the place of the jury, its finding of facts is conclusive, precisely as if a jury had found them by verdict.

In the case before us, however, the court did not sit to supply the place of a jury, because the record, the existence of which was denied by both pleas, was the record of the court in which the pleas were made. When, therefore, such record as did exist in regard to the matters in issue, was presented to the court, the only question to be determined, on which the court could exercise any judgment, was a question of law, namely, whether in legal effect there was found a

---

* 1 Institute, 117, 270; Collins *v.* Matthews, 5 East, 473; Hall *v* Williams, 6 Pickering, 117; Pattin *v.* Miller, 13 Sergeant & Rawle, 254.

record of the recognizance, and a subsisting legal judgment of conviction and punishment prior to the taking of the recognizance.

Both these questions of law are proper for review here, and are fairly presented by the agreed statement of what the record is.

1. In regard to the first, there is no doubt that the recognizance was taken, and remains in the records of the court.

2. As regards the second plea, it appears by the record that all which took place took place during the same term of the court, and we see no reason to doubt that the court had power during that term, for proper cause, to set aside the judgment rendered on confession. This control of the court over its own judgment during the term is of every-day practice.*

The judgment then being set aside the indictment remained, and the recognizance of the prisoner and his sureties to appear and answer to it was valid.

JUDGMENT AFFIRMED.

---

* King v. Price, 6 East, 323; Cheang-kee v. United States, 3 Wallace, 320.