# VIRGINIA FIRE AND MARINE INSURANCE CO.

### *v.*

## BOHNKE.

PLEADING AND PRACTICE; VACATION OF JUDGMENT; AMENDED
DECLARATION; DEMURRER.

1. Where a judgment is entered on demurrer to a replication and
the plaintiff appeals, but subsequently dismisses his appeal,
the granting to him of leave to file an amended declaration,
while the judgment stands unvacated, is irregular.

2. And where in such a case another judgment is entered upon de-
murrer to the amended declaration, this court will, on appeal
from such judgment, take notice of the previous error, and
reverse the second judgment and remand the case with direc-
tions to strike the amended declarations from the files.

3. While in such a case advantage might be taken in the court below
of the irregularity, by objection to the motion to amend, or
by motion to strike the amended declaration from the files, it
is also the right of the defendant to show by demurrer the
error of the plaintiff's proceeding ; for the error is apparent on
the record, and the court is not required to go outside the
cause to ascertain the error.

4. The requirement by the rules of the Supreme Court of this Dis-
trict that some substantial ground be stated in support of a
demurrer, does not exclude the consideration of any other
grounds that may exist.

No. 312.  Submitted October 4, 1894.  Decided November 5, 1894.

Hearing on an appeal by the plaintiff from a judgment
on demurrer to an amended declaration in an action on a
policy of insurance.  *Reversed.*

The COURT in its opinion stated the case as follows :

This is an action at law, instituted by the appellee,
Hubert Bohnke, as plaintiff in the court below, to recover
upon a policy of insurance claimed by him to have been
made and issued to him, on or about the 22d day of Nov-
ember, 1892, by the appellant, the Virginia Fire and Marine

Insurance Company, defendant in the court below, a corporation of the State of Virginia, but which is stated to have an office for the transaction of business in the city of Washington. It is alleged in the declaration that, " in consideration of the sum of eighteen dollars premium and of the acceptance of the stipulations and agreements hereinafter contained "—and no stipulations and agreements were thereinafter recited—the defendant insurance company issued its policy of insurance to the plaintiff, whereby it insured the plaintiff to the amount of eighteen hundred dollars against loss or damage by fire or lightning, for the term of one year thereafter, on his two story frame building in Alexandria County, in the State of Virginia, near Fort Meyer. It is alleged also that the policy of insurance was delivered to the plaintiff and accepted by him, a statement which was subsequently shown by himself to be unfounded in fact. It was further alleged that the building was destroyed by fire, the origin of which was unknown, on the 24th of November, 1892, two days after the alleged issue of the policy; that the plaintiff was the sole owner of the building at the time; that the damage caused by its destruction amounted to eighteen hundred dollars; that he made demand on the company for the payment of this sum; and that payment thereof was refused.

In defense of the suit the defendant interposed ten pleas, most of them amounting merely to the general issue. In these pleas, or in some of them, it was denied that the policy in question was ever issued, or that the premium had ever been paid, or that the conditions precedent to the contract —whatever those conditions were, which does not appear— had ever been complied with by the plaintiff. And there was a special plea of limitations, based upon an express provision in the policy of insurance, that no suit or action should be brought or maintained in any court upon the policy unless the same were instituted within six months next succeeding the date of the fire or damage. The fire

occurred as stated, on the 24th of November, 1892, and this suit was not instituted until July 17, 1893, more than six months after the date of the fire. The plaintiff joined issue on five of the ten pleas; moved to strike out four as vague, uncertain, informal and irregular; and filed a replication to the special plea of limitations, to the effect that the defendant had neglected and refused to deliver the policy of insurance to the plaintiff, and that thereby knowledge of its provisions had been withheld from him.

The defendant demurred to this replication, as being a departure from the declaration; and the demurrer was sustained.

Thereupon the plaintiff declined to amend; and final judgment was rendered against him, and in favor of the defendant for costs. From this judgment the plaintiff noted an appeal to this court. This judgment was entered and appeal taken on December 1, 1893.

Six days afterwards, on December 7, 1893, without any steps whatever to vacate this judgment, but leaving it in full force and effect, the plaintiff filed a motion for leave to file an amended declaration, and served notice of his motion and copy of the proposed amended declaration on the counsel for the defendant. On December 9, the appeal was withdrawn by the plaintiff's counsel; and on December 16 leave was granted to the plaintiff to amend his declaration as he might be advised.

On the same day (December 16, 1893), the plaintiff filed in the cause an amended declaration. This amended declaration differs from the original declaration in the cause mainly by the insertion of an allegation to the effect that the defendant had without cause retained possession of the policy of insurance, and had never delivered it, and that the plaintiff had been compelled to have recourse to an action of replevin in order to gain possession of it, and had actually gained possession of it by this action on June 17, 1893.

The defendant demurred to this amended declaration, alleging as ground of demurrer that it made a different cause of action from that set forth in the original declaration, that upon the record it appeared that the cause of action was barred by the special contract of limitation contained in the policy of insurance, and that upon other grounds the declaration was bad in substance.

Upon hearing, this demurrer was overruled; and the defendant having elected to stand by it, judgment was rendered against it and in favor of the plaintiff for the sum of $1,800, the amount claimed in the declaration, with interest and costs. And from this judgment the defendant prosecuted the present appeal.

*Mr. Leigh Robinson* for the appellant.

*Mr. C. Maurice Smith* and *Mr. Edwin Forrest* for the appellee:

The allowance of amendments to pleadings is a matter entirely within the discretion of the trial justice and is not a subject of appeal. The rules of practice of the Supreme Court of the District, in force at the time that the amendment was allowed, authorized the making of any and all amendments by permission of the court, so that the real question in controversy between the parties might be passed upon. Rule 7, Rules of Practice; see also *Wright* v. *Hollingsworth*, 1 Pet. 165; *U. S.* v. *Buford*, 3 Pet. 12; *Chapman* v. *Barney*, 129 U. S. 677; *Chirac* v. *Reinicker*, 11 Wheat. 280; *Darrington, Admr.,* v. *Stewart*, 2 How. 263. Cannot be assigned for error: *Van Stone* v. *Stillwell*, 142 U. S. 128. The first assignment of error, viz., that the court erred in allowing an amended declaration to be filed in a cause wherein a judgment had been entered in favor of defendant which had not been, and never has been, reversed or vacated, is in effect a plea of *res adjudicata*—a form of defence which cannot be considered on demurrer. It does not appear by the record to have been a ground of objection made below; and if the defendant desired to interpose it, it could only do

so by a formal plea, on which issue could be joined and a trial had to ascertain whether the plea was true in point of fact. *City of Aurora* v. *West,* 7 Wall. 100; *Whitehurst* v. *Rogers,* 38 Md. 515; Poe's Pleading, Sec. 654. By filing a demurrer he waived his right to put in this defence by plea in bar, and is not now at liberty to insist upon it as an error in the proceedings before the trial court. A party having had his option to plead or demur shall be taken, in adopting the latter alternative, to admit that he has no ground for denial or traverse: *City of Aurora* v. *West,* 7 Wall. 100; Stephen on Pleading, 160.

A demurrer is an objection made by one party to his opponent's pleading, alleging that he ought not to answer it for some defect *in law* in the pleading. It admits the facts and refers the law arising thereon to the court. *Tyler* v. *Hand,* 7 How. 573; *Sullivan* v. *Iron Silver Mining Co.,* 109 U. S. 550; *Aurora* v. *West,* 7 Wall. 82; *Pullman Car Co.* v. *N. P. RR. Co.,* 115 U. S. 587; *United States* v. *Van Auken,* 96 U. S. 366; *Bank* v. *Buckner,* 20 How. 108.

A demurrer cannot introduce as its support new facts which do not appear on the face of the bill and which must be set out by plea or answer. *Stewart* v. *Masterson,* 131 U. S. 151.

A demurrer cannot be aided by any allegation or suggestion of fact contained in it. It can only point to what appears or fails to appear in the pleading demurred to. Abbott's Trial Brief, Sec. 10. An amended pleading when it appears to be the entire pleading, not a mere addition to the original supersedes, the original for the purpose of defining the issues. *Alexander Canal Co.* v. *Swann,* 5 How. 83. A demurrer cannot be sustained unless the objection is apparent on the face of the pleading, either expressly or by reference to another part of the pleading. Abbott's Trial Brief, Sec. 11. A demurrer to a complaint cannot be sustained by anything which appears only by the process, or return of service, or by other parts of the record, not forming

a part of the pleadings.   Id., Sec. 12; *Duvall* v. *Craig*, 2 Wheat. 45; *Wilder* v. *McCormick*, 2 Blatchford, 31; *Wilkinson* v. *Pomeroy*, 10 Blatchford, 524; *Mo., K. & T. Rwy. Co.* v. *Dinsmore*, 108 U. S. 30.   On demurrer to an amended or substituted pleading, the court cannot notice the contents of the original pleading.   The case proceeds on the amended petition.   Abbott's Trial Brief, Sec. 18; *Washer* v. *Bullet Co.*, 110 U. S., 558; *Thompkins* v. *Hollister*, 27 N. W. Rep. 651; *State* v. *Simpkins*, 77 Iowa, 676.

Mr. Justice Morris delivered the opinion of the Court:

The mere statement of the case is sufficient to show that there has been grave irregularity and palpable error in the proceedings taken in the court below.   Unquestionably, in granting leave to the plaintiff to file an amended declaration, that court did not have it called to its attention that a final judgment had already been entered in the cause.   The plaintiff well knew that there was such a judgment; for he had deliberately elected to abide by it rather than amend his declaration.   He had appealed from that judgment and his appeal was pending at the very time that, apparently after a sober second thought, he applied for the leave to amend which he had previously declined to take.   And yet he made no motion whatever to have the judgment vacated, but, on the contrary, entirely ignored it, and proceeded in total disregard of it.   This we must characterize as a very grave irregularity, to say the least of it.

It is well settled that, during the term at which a judgment has been rendered, the court which rendered it may set it aside for good cause shown (*Basset* v. *United States*, 9 Wall. 38; *Memphis* v. *Brown*, 94 U. S. 715; *Bronson* v. *Schulten*, 104 U. S. 410); and the judgment rendered for the defendant in this case might have been vacated, if satisfactory reason had been shown to the court for so doing.   But until it is vacated it remains in full force and effect; and no proceedings can be had in the cause, except such as are proper

to carry it into effect. A final judgment in a suit at common law is a determination of the whole controverys between the parties; and to assume that, notwithstanding such judgment, they may still go on in the same suit, and file additional pleadings as though nothing had been determined, would be absurd.

It was, therefore, improper for the plaintiff to file an amended declaration in this cause, with or without the leave of the court, without having previously procured the judgment rendered against him to be vacated.

We do not understand that the appellee seeks to controvert this proposition. But he excuses himself for the failure on the ground that it was an oversight on his part; and he contends that, whatever may have been the irregularity in this regard, it is not open to inquiry upon this appeal. The argument is that the present appeal brings up only the amended declaration and the proceedings thereon, and that we may not look behind that to inquire whether there has been any previous error, or to inquire into the propriety of the allowance of the amendment.

The plaintiff's excuse for his failure to move to vacate the judgment cannot, of course, be taken as the equivalent of a vacation of it. The judgment stands; and it must be regarded as in full force and effect. But it is argued that upon this appeal we cannot look into the record to ascertain whether there is, in fact, a judgment; that we are confined in our investigations to the amended declaration and the proceedings had thereon; that the defendant, if he desired to have the advantage of that judgment, should have introduced it by way of plea; that he cannot have the benefit of it on demurrer; and that the demurrer should be confined to the grounds specifically stated in the demurrer itself, among which that of a previous judgment is not found.

This argument we must regard as entirely erroneous. It is very true that when there has been an amended declaration in a cause and pleadings thereon, the preceding pleadings

for most purposes pass out of the case. The issues to be determined are only those raised upon the amended declaration. Trial, verdict and judgment must be upon the amended declaration. The right of appeal is determined by the amended declaration. But it is not reasonable to assume that for no purpose whatever can we recur to the original declaration or to the proceedings that have been had before the filing of the amendment. A new cause of action might be introduced by the addition of new counts, or by the statement for the first time of a good cause of action in the amendment. The statute of limitations might successfully be pleaded to the amendment when it could not have been interposed as a defense to the original declaration. It is always proper in such case to recur to the original declaration for the purpose of comparison, and to determine by the comparison whether a new cause of action has in fact been introduced in the amendment: and this question might well be raised upon demurrer. Indeed, it is most usual to raise it by demurrer to the plea or replication, as when there had been a plea of the statute of limitations to an amended declaration.

It is elementary law that a demurrer opens up the whole record; and while it cannot, of course, be used to charge upon a party a defect in pleading that has been cured by amendment, it may very properly be used to show any defect inherent in the amendment itself, when that defect becomes apparent by comparison of the amendment with the original pleading.

But it is contended in this case that a demurrer cannot be used as substitute for a plea of former judgment. This contention is, in general, correct. Every cause must stand by itself; and the proceedings in another cause cannot be allowed to affect a pending suit, unless they are properly imported into it by appropriate pleadings or by being offered in evidence. A court cannot on demurrer take notice of a judgment in another cause. Such judgment must be pleaded or proved.

But when the extraordinary and almost unprecedented case is presented of a party proceeding in a cause with amended pleadings after there has been a final judgment in that cause against him, unreversed and existing in full force, there is no necessity for such a plea. The incongruity and impropriety are apparent upon the record of the case; and while advantage might have been taken of the irregularity by objection to the motion to amend, or by motion to strike the amended declaration from the files, it is the right of the defendant to show the error of the plaintiff's proceeding by demurrer; for the error is apparent on the record, and the court is not required to go outside of the cause to ascertain the error.

Neither can the contention be sustained that the defendant is confined to the grounds of demurrer specifically set forth by him with his demurrer. This is contrary to all precedent. Under the rules of the common law, a general demurrer does not require any grounds to be stated with it. The rules of the court below require that some substantial ground should be stated; but it has never been understood that this requirement excluded the consideration of any other grounds that might exist.

It is very questionable whether the court below, after the rendition of its judgment in favor of the defendant, on the 1st of December, 1893, had any jurisdiction to proceed in the cause for any purpose whatever, except to vacate that judgment or to enforce it. But, whether there was absolute want of jurisdiction, or whether the course pursued was a mere irregularity, it was grave error; and the judgment which ensued thereon for the plaintiff was wholly unwarranted. There cannot be two judgments in the same cause for the same precise subject matter, one for the plaintiff and one for the defendant. Such judgments would necessarily be inconsistent.

There are peculiar and unexplained circumstances in this case calculated to superinduce a regret that no opportunity

was afforded for their elucidation before a court and jury. But the parties have only themselves to blame if the decision of their controversy has been made to turn upon questions of a technical character. Parties are not at liberty to disregard the solemn adjudication of a court of justice, and to proceed as though there had been no such adjudication.

For the reasons here stated, the judgment rendered by the court below in favor of the plaintiff on the 3d day of February, 1894, must be reversed, with costs: and the cause must be remanded to that court, with directions to strike the amended declaration from the files. For, inasmuch as the defendant has a judgment already rendered in its favor in the cause, it would not be proper to render another judgment for it on its demurrer to the amended declaration. All the proceedings subsequent to the rendition of the first judgment were irregular, except the taking of the appeal, and should be stricken from the files and disregarded: *and accordingly the cause is remanded for that purpose. And it is so ordered.*