**UNITED STATES v. FIRST WISCONSIN TRUST CO. et al.**

No. 6297.

Circuit Court of Appeals, Seventh Circuit.

Nov. 18, 1937.

James W. Morris, Asst. Atty. Gen., Berthold J. Husting, U. S. Atty., and E. J. Koelzer, Asst. U. S. Atty., both of Milwaukee, Wis., and J. Louis Monarch and George H. Zeutzius, Sp. Assts. to the Atty. Gen., for the United States.

Richard H. Tyrrell, of Milwaukee, Wis., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This appeal involves a claim for the refund of income taxes of Ida M. Sivyer, deceased, for the year 1929. The case was tried without a jury, and the court filed findings of fact and conclusions of law in favor of appellees, upon which judgment was rendered for them for $7,638.02 which included interest at the rate of six per cent. per annum from the date of payment. The Government has assigned fifty-two errors, and it claims generally to rely upon all of them. It has discussed but few of them, however, and for that reason those not discussed will be considered as having been waived.

The complaint, among other matters not now pertinent to the questions here raised, contained the following averments: On March 15, 1930, Ida M. Sivyer filed with the Collector of Internal Revenue, at Milwaukee, her return of income for the calendar year 1929, as required by the Revenue Act of 1928, disclosing a net taxable income of $28,990.65, and a tax liability of $1,116.77 which she paid to the Collector during the year 1930. She died testate March 30, 1931, a resident of Milwaukee, and appellees were qualified as her executors on May 5, 1931. On February 5, 1932, the Commissioner gave notice to appellees of his assessment of a deficiency income and surtaxes upon the income of decedent for 1929 in the sum of $5,300.74, and on April 28, 1932, demanded payment thereof with interest in the aggregate sum of $5,-970.30, which they paid to him on May 2, 1932.

The deficiency resulted from the addition to decedent's income for 1929 the sum of $38,884.86, claimed by the Commissioner to be a normal dividend received by decedent on July 25, 1929, from Northwestern Malleable Iron Company, of Milwaukee. That company in 1928 had definitely determined to cease business and to liquidate its affairs, and during the remainder of that year and all the year of 1929 was in the process of liquidation. The item of $38,-884.86 was a liquidating dividend and was not properly included in decedent's gross income for 1929 within the purview of the Revenue Act of 1928 (section 115 [26 U.S. C.A. § 115 and note]) then in effect, and was not subject to taxation. Upon these facts, and others not here pertinent, appellees alleged that the tax of $5,970.30 was illegally paid to and received by the Commissioner. Appellees duly filed their claim for a refund on January 18, 1934, which the Commissioner disallowed on August 1, 1934, and this action was instituted on September 27, 1935.

In its amended answer of February 20, 1936, the Government admitted that the deficiency resulted from the addition to decedent's taxable income for 1929, of the item of $38,884.86 received by her from the Northwestern Malleable Iron Company, but it averred that that item was lawfully and properly added to her ordinary income for that year, as a corporate distribution subject only to surtax, because it was a distribution out of earnings accumulated after February 28, 1913.

The trial of the cause occurred on December 8, 1936. As counsel for appellees was about to commence his opening statement appellant asked leave to file an amendment to its amended answer, stating that it did not introduce anything new into the case. After summary argument, and over the objection of appellees, the amendment was filed by permission of the court. The evidence was heard on the issues tendered by the complaint and the amendment of the amended answer. At the conclusion of all the evidence the court struck the amendment to the amended answer over the objection of appellant, to which exceptions were properly saved. Appellant moved for judgment in its favor, and also moved the court to enter findings of fact and conclusions of law which it therewith tendered. On December 28, 1936, the court overruled both of these motions and filed its own findings and conclusions, upon which the judgment appealed from was rendered. Since appellant questions the sufficiency of the court's opinion, findings and conclusions as contemplated by section 7 of the Tucker Act (28 U.S.C.A. § 764), they are set forth in the margin.[1]

---

[1] Findings of Fact.

"1. That said First Wisconsin Trust Company is a corporation duly organized and existing under the laws of the State of Wisconsin with trust powers, having its principal office and place of business in the City of Milwaukee, Wisconsin; that said William C. Frye and Edgar L. Wood are residents of the Eastern District of Wisconsin, and that all of said petitioners are the duly qualified and acting executors of the last will and testament of Ida M. Sivyer, deceased, * * *

"2. That on or about March 15, 1930, the said Ida M. Sivyer duly filed with the Collector of Internal Revenue, at Milwaukee, Wisconsin, her return of income for the calendar year 1929 as required by the Revenue Act of 1928, * * * disclosing a net taxable income of $28,990.65 and a tax liability of $1,116.78, which tax was paid * * *

"3. That said Ida M. Sivyer departed this life on the 30th day of March, 1931, * * * leaving her last will * * * and the petitioners were appointed executors thereof, on the 5th day of May, 1931. That ever since said date the petitioners have been and now are the duly qualified and acting executors of said will.

"4. That on April 23, 1932, the Commissioner * * * assessed against the estate of Ida M. Sivyer an income tax deficiency of $5,300.74 upon the income of said Ida M. Sivyer for the year 1929, and thereafter and on or about April 28, 1932, the Collector * * * demanded of the petitioners the sum of $5,970.30 representing said deficiency and interest thereon, which sum of money the petitioners paid to said Collector on the 2d day of May, 1932 * * *

"5. That said deficiency resulted from the addition to the net taxable income of said Ida M. Sivyer for the year 1929 of the sum of $38,884.86 claimed by the defendant acting through its Commissioner of Internal Revenue to be a dividend received on July 25, 1929, by said Ida M. Sivyer from Northwestern Malleable Iron Company, a Wisconsin corporation, of Milwaukee, Wisconsin, out of surplus earned by that company since February 28, 1913, and claimed by the defendant to be therefore taxable.

"6. That said Northwestern Malleable Iron Company was incorporated in the year 1888 for the purpose of carrying on the business of manufacturing malleable iron castings which has been its business since that date. That during the year 1928 and for many years prior thereto it maintained its foundry buildings and plant and conducted its manufacturing operations upon a tract of approximately 7½ acres of land located on the north side of South Park Street * * * That said corporation in June, 1928, definitely determined to cease business and to liquidate its assets and affairs for the benefit of its stockholders; that it made its last castings on June 22, 1928, and prior to September 1, 1928, pursuant to due corporate action, sold and conveyed to International Harvester Company all of its said real estate upon which its foundry buildings and plant were located and sold and delivered to Rockford Malleable Iron Works substantially all of its foundry machinery and equipment, after which sale its assets consisted only of certain garage property theretofore used for the company's trucks and automobiles, some vacant real estate in West Allis * * * thereto-

The amendment to the amended answer alleged specific facts, hereinafter referred to, to the effect that decedent had received income during 1929, other than that which she had reported, by reason of which she was indebted to the Government for income tax on it in an amount greater than her demand, and that in equity and good conscience she should not be permitted to prevail in her action. The averments of the amendment are substantially as follows: That if it be held that the amount of $45,063 so received by decedent from the company on July 25, 1929, was a liquidating dividend and not subject to surtax on the ground that she was not taxable upon such distributions until after they exceeded the cost basis of the stock which she held,

fore used as a dump for refuse from its foundry operations, receivables, cash, miscellaneous securities and corporate life insurance. That the stockholders of said corporation by due corporate action taken August 22, 1928, ratified, approved and confirmed said sales and authorized and directed the liquidation of the business, property and assets of said corporation and the distribution of liquidating dividends to its stockholders. The company definitely ceased all normal business operations on August 31, 1928, and since that time it has been engaged solely in the liquidation of its remaining assets and in making distributions in liquidation to its stockholders and all of its activities have been directed to that end.

"7. That on December 1, 1928, said corporation pursuant to proper corporate action paid an initial liquidating dividend in cash of three per cent upon its outstanding capital stock amounting to $42,511.50. On July 25, 1929, said corporation pursuant to proper corporate action paid a second liquidating dividend in cash of six per cent upon its $1,417,050 par value outstanding capital stock amounting to $85,023, of which said Ida M. Sivyer received $45,063. That the $38,884.86 referred to in finding 5 hereof is a part of this liquidating dividend of $45,063 so received by said Ida M. Sivyer. On August 5, 1929, said corporation pursuant to proper corporate action paid a further liquidating dividend in cash of two per cent upon its outstanding capital stock and distributed to its stockholders the corporate capital stock which it had received in the sale of its foundry machinery and equipment. That each of said dividends was one of a series of distributions by said Northwestern Malleable Iron Company to its stockholders in liquidation of its business and assets and on account of payment for and complete cancellation of its outstanding capital stock.

"8. That in connection with each of said distributions in liquidation and as a condition of the payment and delivery thereof, the said corporation required that each stockholder present his certificate of capital stock to the officers of the corporation for endorsement upon the face thereof of words and figures in-

dicating the fact and amount of the liquidation distribution and that all stock certificates of stockholders receiving such liquidation distributions were so delivered to said officers and were so endorsed by them at the time of each of said distributions in liquidation.

"9. That no part of the aforesaid liquidating distributions received by said Ida M. Sivyer in 1929 from Northwestern Malleable Iron Company was or is subject to the assessment of income tax thereon by the said Commissioner of Internal Revenue.

"10. That the tax of $5,970.30 levied, assessed and collected by and for the use of the defendant from the petitioners on May 2, 1932, was illegally paid to and illegally collected and received by said Collector * * *

"11. That on the 18th day of January, 1934, the petitioners filed with the Collector * * * according to the provisions of law in that regard and the regulations of the Secretary of the Treasury established in pursuance thereof, a claim for refund of the tax paid as aforesaid.

"12. That by letter dated August 1, 1934, sent on or about that date by registered mail by the said Commissioner of Internal Revenue to the petitioners, said Commissioner gave notice of the disallowance of said claim for refund.

"13. That there is now justly due and owing from the United States to the petitioners the sum of $5,970.30 plus interest thereon at the rate of six per cent per annum from May 2, 1932, to December 28, 1936, in the further sum of $1,667.72."

"And I find as

"Conclusions of Law.

"1. That the $5,970.30 deficiency of tax based upon the income of Ida M. Sivyer, deceased, for the year 1929 assessed by the Commissioner * * * against the estate of Ida M. Sivyer, deceased, on or about April 23, 1932, was illegal and the said tax was illegally paid to and illegally collected and received by said Collector of Internal Revenue and the defendant.

"2. That the petitioners are entitled to have and recover of and from the defendant the sum of $7,638.02, together with costs to be taxed."

she was still indebted to the Government for additional income taxes for 1929 in excess of her demand by reason of the following facts: The company in 1929 distributed to its stockholders the following items: July 25, cash $85,023; August 5, cash $28,341; and August 5, capital stock of Rockford·Northwestern Malleable Iron Company of the par and fair value of $440,000.

The amendment further averred that in 1926, Ida M. Sivyer acquired three shares of the Northwestern Malleable Iron Company at a cost to her of $300. Upon the death of her son, Frederick L. Sivyer, on January 22, 1929, she came into possession and ownership of 7,507½ shares of the same company from a trust under the will of her husband who died in 1910. Appellee, the Trust Company, was also executor of the son, and in 1929 included and reported as such executor in its returns certain shares of such stock for federal estate tax, and Wisconsin inheritance tax purposes, at a fair market value in January, 1929, of ten dollars per share, and the Commissioner accepted and relied upon such valuation, and closed the federal estate tax account, and said estate's liability therefor, and the Government is now barred by limitations from assessing or claiming any additional federal estate tax or any greater value than ten dollars per share. The cost basis to Ida M. Sivyer of all the stock so held by her in 1929 was $75,375, and of the distribution so made to her, on the dates referred to, she received the total sum of $60,084 in cash and approximately $233,-297.24 in securities, which far exceeds her recoverable demand in this section. Neither she nor her executors reported any gain in excess of cost on the amount received by her in 1929, nor has any tax been paid thereon, which tax, due and unpaid at the time of trial, was alleged to amount to $44,192.16 in excess of what she had paid for that year.

By reason of these averments the Government alleged that neither the decedent nor her executors had overpaid any income taxes for the calendar year of 1929; that if it be held that appellees' contention is correct with respect to the distribution of July 25, 1929, then the Government was entitled to and claimed the right to recoup the additional tax alleged to be due and unpaid against any amount that might otherwise be due with respect to that distribution. It is further alleged that appellees are precluded by the representations in the return of the Frederick L. Sivyer estate from claiming

any other cost basis or value in excess of ten dollars per share. The prayer was that appellees' claim be denied, and that the Government's costs be assessed against appellees.

All of the capital stock of the Northwestern Malleable Iron Company which is here involved, save the three shares which she purchased, came to Ida M. Sivyer by virtue of the will of her husband, Frederick W. Sivyer, who died in 1910. By his will he nominated his wife, his only son, Frederick L. Sivyer, and another as his executors, and gave to them in trust all of his stock in that company for the purpose of paying to his wife, Ida M. Sivyer, not less than $3,600 annually out of the income therefrom. All remaining income therefrom was to be paid to Frederick L. Sivyer during the life of Ida M. Sivyer. The will further provided:

"3rd: I direct that my executors shall upon the death of my wife, transfer and assign all of my said stock in the Northwestern Malleable Iron Company, to my son Frederick L. Sivyer absolutely, and the trust hereby created shall thereupon cease; provided, however, that if my wife shall survive my son, then I direct that upon the death of my son my executors shall thereupon transfer and assign all of said stock to my wife and said trust shall thereupon terminate.

"4th: I direct that my son Frederick L. Sivyer, as one of the executors, shall have the sole control of such stock in the Northwestern Malleable Iron Company during the continuance of the foregoing trust, with the power to vote the same and control and manage the business of the Northwestern Malleable Iron Company."

It is contended by the Government that the court erred in striking its amendment to the amended answer, at the conclusion of the evidence. This amendment was offered at the beginning of the trial, and was permitted to be filed on the statement of Government's counsel that it tendered no new issue. Permission to amend lies within the discretion of the court, and unless there is an abuse of that discretion we are powerless to interfere. We think this amendment did raise a new issue and one that was quite substantial. It raised an equitable defense which, if true, would unquestionably defeat taxpayer's claim. Indeed aside from the great delay in tendering the amendment, its averments were such as would ordinarily appeal strongly

to a court to permit the pleading to be filed and to stand. However, Judge Geiger's court is a very busy one and he is quite right in requiring the issues to be joined at the earliest possible moment, and in not permitting them to be disturbed except for good cause and upon a showing of due diligence. This complaint was filed on September 27, 1935; the original answer was filed January 10, 1936; the amended answer was filed February 20, 1936, and the stricken amendment was tendered and filed on December 8, 1936, which was the day of trial. It is true that·Government's counsel stated to the court on the day of trial that he first became cognizant of the facts on the day before the trial. However, this record discloses that the Treasury Department had been in possession of all the facts sought to be pleaded for many months before the day of trial. Under these circumstances, a continuance was imminent, and we can not say that the court abused its discretion.

█ Of course, Government's counsel did not intend to mislead the court by stating that the proffered amendment raised no new issue. His contention was, and is now, that the issue specifically raised by the last amendment was present ab initio, and that it was really unnecessary for the Government to plead it specially. In other words, it contends that the burden was upon appellees in the first instance to prove that their decedent was not otherwise indebted to the Government before they could recover the erroneous payment for which they sued, in case such payment was found to be erroneous. We think this contention is not supported either by reason or authority. In Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 290, 79 L.Ed. 623, the Court said: "We find nothing in the statutes, the rules of the board or our decisions that gives any support to the idea that the commissioner's determination, shown to be without rational foundation and excessive will be enforced unless the taxpayer proves he owes nothing or, if liable at all, shows the correct amount. While decisions of the lower courts may not be harmonious, our attention has not been called to any that persuasively supports the rule for which the commissioner here contends."

The Government's answer admits that the deficiency assessment was made and collected on the theory that the item involved was a normal corporate dividend. The record discloses, however, that it was not such, but, on the other hand, it was a liquidating dividend upon which there was no tax due.

█ ▪ It is further contended by the Government that the court erred in including in the judgment, interest on the deficiency assessment from the date of payment to the date of judgment in violation of section 177 (b) of the Judicial Code, as amended (28 U.S.C.A. § 284(b). Reference to this section convinces us that it was not violated in any manner by the inclusion of interest.

█ The Government further contends that the judgment is not supported by the evidence, or the findings of fact, or the conclusions of law, and that the court erred in not filing ·a written opinion in compliance with section 7 of the Tucker Act. We think the evidence fully supports the findings and that the conclusions are both pertinent and sound and fully support the judgment. There appears to be no reason for not considering the findings of fact and conclusions of law as an opinion of the court. They seem to us to contain all that the act contemplates.

We deem it proper at this time to call attention of counsel of both appellant and appellees to Rule 22 of this court, which relates to the form and content of briefs. In this case an utter disregard of that rule, or a lack of acquaintance with it, is quite manifest, and it has greatly and unnecessarily extended our labors.

Judgment affirmed.