## UNITED STATES v. NUGENT.
### No. 7510.

Circuit Court of Appeals, Sixth Circuit.
Dec. 16, 1938.

216

W. S. Ward, of Washington, D. C. (Bunk Gardner and Eli H. Brown, III, both of Louisville, Ky., on the brief), for appellant.

Wilbur Fields, of Louisville, Ky. (Ernest Woodward, Wilbur Fields, and Woodward, Dawson & Hobson, all of Louisville, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment awarding damages in an action brought under the Tucker Act, Title 28, § 41(20), U.S.C., 28 U.S.C.A. § 41(20), for the alleged appropriation by the United States of private property in consequence of the erosion and washing away of approximately 35 acres of appellee's land, caused by the construction of Lock and Dam No. 41 and a dike a short distance below in the Ohio River. Appellant contends that the record presents a case of consequential damage, not amounting to an appropriation. This question will not be considered, as the case must be remanded for rehearing owing to prejudicial error in the conduct of the proceedings below.

The evidence was heard on October 6, 1934, by a judge of the District Court who resigned from office on July 1, 1935, without having made any findings of fact or conclusions of law, and without disposing of the case. Another judge of the District Court, acting under a general designation, made findings of fact and conclusions of law based upon a stenographer's report of the testimony and entered judgment thereon without hearing the witnesses. It is not shown that the Government consented to the use of this transcript by the judge who entered the judgment, but we deem this fact to be immaterial.

The question is whether a judgment entered under the Tucker Act is valid where the evidence was heard by one judge and the findings of fact, conclusions of law, and decision, were made by a different judge. The Tucker Act gives the District Court jurisdiction over suits against the United States. The particular statute relating to such suits and controlling here is § 764, Title 28, U.S.C., 28 U.S.C.A. § 764, which reads:

"It shall be the duty of the court to cause a written opinion to be filed in the cause, setting forth the specific findings by the court of the facts therein and the conclusions of the court upon all questions of law involved in the case, and to render judgment thereon. * * * *"

It is familiar doctrine that the United States cannot be sued without its consent (Cunningham v. Macon & Brunswick Rd. Co., 109 U.S. 446, 3 S.Ct. 292, 609, 27 L.Ed. 992), and that it therefore may prescribe the conditions under which it will be sued. Schwab v. United States, 7 Cir., 17 F.2d 34. The United States may prescribe the manner in which it will be sued, and the requirements laid down for such proceedings are mandatory.

■ We conclude that there is a fatal defect in the proceedings below, for the reason that (1) under this statute a judge is not authorized to make findings of fact and conclusions of law based on testimony which he has not heard, and (2) the requirement that an opinion be entered was not complied with.

■ The question whether such a case can properly be tried by two different judges, one hearing the testimony and the other making ultimate findings and conclusions, is of extreme importance, as the findings of the trial court are conclusive and have the effect of a jury verdict unless manifest error exists. Cf. United States v. Berdan Firearms Mfg. Co., 156 U.S. 552, 15 S.Ct. 420, 39 L.Ed. 530; Bassett v. United States, 9 Wall. 38, 19 L.Ed. 548; Stanley v. Board of Supervisors of Albany, 121 U.S. 535, 547, 7 S.Ct. 1234, 30 L. Ed. 1000; Lehnen v. Dickson, 148 U.S. 71, 73, 13 S.Ct. 481, 37 L.Ed. 373; State Farm Mutual Automobile Ins. Co. v. Coughran, 303 U.S. 485, 487, 58 S.Ct. 670, 82 L.Ed. 970. This rule is based largely upon the superior opportunity which the trier of the facts has to ascertain the truth, due to personal observation of the witnesses. Westchester Fire Ins. Co. v. Bringle, 6 Cir., 86 F.2d 262, 264; In re Great Lakes Transit Corp., Ltd., 6 Cir., 81 F.2d 441, 443; The William A. Paine, 6 Cir., 39 F. 2d 586, 588; Brush-Moore Newspapers, Inc., v. Commissioner, 6 Cir., 95 F.2d 900, 902. The trial judge has the right and duty to observe the bearing and demeanor of the witnesses, and where the evidence is conflicting, he may take these things into account. Such personal observations cannot be transferred to the printed page, and yet the judge may, and often must, give them weight in making his decision. In the present instance it is difficult to see how the judge who entered the findings had any proper opportunity to decide any question affected by the credibility of the witnesses. While the statute does not in terms require that the same judge shall hear the evidence and make the findings, since by universal practice and tradition these findings are based upon personal observation of the witnesses, and are conclusive upon the reviewing court, the statute impliedly requires that the same judge who hears the case shall make the findings and conclusions, and this requirement is mandatory.

We bear in mind the fact that the court is a continuing entity, however often the incumbent may change. In the Judicial Code the judge is frequently referred to as the court, and in § 764, Title 28, U.S.C., 28 U.S.C.A. § 764, the word "court" is evidently applied to the judge who presides over the trial, and not to the court as an institution.

■ Furthermore, no written opinion was filed in the case. The mandatory character of this requirement is shown by the wording of the statute, "It shall be the duty of the court to cause a written opinion to be filed in the cause." The findings of fact and conclusions of law in this case are too meager to be considered as an opinion of the court within the holding in United States v. First Wisconsin Trust Co., 7 Cir., 92 F.2d 840, 845. Since the findings and conclusions do not constitute an opinion, and since the statutory requirement was not followed, the proceedings were fatally defective. Cf. F. T. Dooley Lumber Co. v. United States, 8 Cir., 63 F.2d 384, 389.

Our conclusion is strengthened by the fact that under Title 28, § 765, U.S.C., 28 U.S.C.A. § 765, when findings of fact and the law applicable thereto have been filed in such cases, and the judgment or decree is adverse to the Government, it is the duty of the District Attorney to transmit to the Attorney General of the United States certified copies of all the papers filed in the case "with a transcript of the testimony taken, the written findings of the court, and his written opinion as to the same," whereupon the Attorney General shall determine and direct whether an appeal or a writ of error shall be taken or not. This provision requires the Attorney General himself to determine whether an appeal shall be taken from an adverse judgment or decree, and for the making of this determination the Congress certainly contemplated that the Attorney General should have the advantage of findings made by a judge who heard and saw the witnesses upon the stand and filed an opinion in the case.

Judgment reversed and case remanded for new trial.