## SCHOFIELD v. JOHN R. THOMPSON CO.
### No. 7732.

Circuit Court of Appeals, Sixth Circuit.
Jan. 18, 1940.

Douglas F. Schofield, of Cleveland, Ohio, for appellant.

Sydney N. Galvin, of Cleveland, Ohio (Galvin & Babin, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment in an action at law for unpaid rentals and for electricity claimed to have been used by appellee. Jury trial was waived, and the court found on the issues joined in favor of appellee.

Appellant is the trustee of a trust established under the will of Levi T. Scofield, deceased. The corpus of the estate is the Schofield Building, situated in Cleveland, Ohio. William M. Scofield preceded appellant as trustee, holding office during the period involved in this controversy.

Appellee, which operates a restaurant, leased premises in the Schofield Building for the period of seventeen years and four months from November 1, 1927. It entered into possession and paid the rent under the

lease until September, 1933. The Northwestern Mutual Life Insurance Company held a mortgage on the trust premises. During the depression period the trust had not kept up its payments on the mortgage, and in January, 1932, William M. Scofield, trustee, under an agreement with the Insurance Company, signed a management contract with Carlton Schultz, Inc., by which the Schultz agency was given management of the trust premises, and payment of the trust income was to be made by the Schultz agency to the Insurance Company. The parties operated under this contract thereafter.

In 1933 the Schultz agency signed a modification agreement reducing appellee's rent from $20,000 to $15,000 for a year. In 1934 the Schultz agency executed a second modification agreement, reducing the rent $5,000 for each of the remaining years of the lease. William M. Scofield, trustee, approved an identical copy of this agreement, but did not execute either of the modification agreements which were signed William M. Scofield, trustee, by Carlton Schultz, Inc., agent, Carlton Schultz, president. Appellee has paid all sums due under both modification agreements.

Appellant sues for the difference between the amount specified as rental in the original lease and the payments made under the modification agreements. He claims (1) that the modification agreements do not bind the trust estate because the Schultz agency had no authority to execute them, and (2) because they were not executed in compliance with Sections 8510 and 8512 of the General Code of Ohio. Section 8510 requires that a lease must be signed by the lessor in the presence of two witnesses, who shall also sign the lease, and it must also be acknowledged by the lessor before an official qualified to certify the acknowledgment. Section 8512 requires that "A power of attorney for the * * * lease of any estate or interest in real property, must be signed, attested, acknowledged, and certified in the same manner as deeds, mortgages, and leases."

It is appellant's position as to this point that the management contract of January, 1932, was invalid because it was not acknowledged as required by these sections (Cf. Lithograph Bldg. Co. v. Watt, 96 Ohio St. 74, 117 N.E. 25), and that any subsequent authorization given to the Schultz agency by William M. Scofield to execute the modification agreement must have been not only in writing, but executed with the formality set out above in Section 8512.

On the point that the execution was unauthorized, as well as on all other issues of fact, the District Court evidently found for the appellee, and its findings are conclusive unless manifest error exists. United States v. Nugent, 6 Cir., 100 F.2d 215, 217. The second modification agreement which specifically ratified the modification agreement of 1933 was presented to William M. Scofield and approved by him in writing. The express approval thus signified by the trustee considered in the light of the management contract and the operation thereunder, is substantial evidence of authorization given to the Schultz agency to execute the second modification agreement, and we conclude that the Schultz agency was authorized to execute it. It is therefore unnecessary to consider whether the management contract was valid under Sections 8510 and 8512. The power to execute the modification agreement was purely ministerial and could be delegated. Miller v. Ewing, Adm'r, 68 Ohio St. 176, 67 N.E. 292; Perry on Trusts, § 409.

On the point that the modification agreements were required to conform with the statutes of frauds and conveyances, and were not executed in compliance therewith, we think that the conclusive answer is that these agreements were not leases. They modified the rental provisions and other terms of the lease, and inserted a provision giving the lessor an option to cancel. Appellant contends that the insertion of the option to cancel raised the contracts to the dignity of leases, so that execution was required in the same manner as leases. Assuming, but not deciding that the option to cancel a lease is equivalent to an agreement of release, so that it is a contract concerning an interest in lands which must be executed within the provisions of Section 8621, this circumstance does not aid the appellant, for both modification agreements were executed in writing, and signed and acknowledged by the parties to be charged. The option to cancel conveys no interest in real property; it is merely an executory agreement. Hence it was not necessary that the authorization to enter into the modification agreements should be executed in conformity with Sections 8510 and 8512, as contended by appellant. Cf. Negley v. Jeffers, 28 Ohio St. 90; Nonamaker v.

Amos, 73 Ohio St. 163, 76 N.E. 949, 4 L.R. A.,N.S., 980, 112 Am.St.Rep. 708, 4 Ann. Cas. 179.

 The claim for electricity is based upon the theory that owing to a defect in the meter, more current was consumed than was measured. The lease provided that the lessee should pay for electricity used "as measured by meters installed and maintained by the Lessor." The only proof shown of the amount claimed to have been consumed in excess of the payments made, which corresponded to the calculation of the meter, was an estimate based upon averages deduced from the yearly consumption prior to January 1, 1931. This is conjectural and not substantial evidence, and does not sustain the burden of proof resting upon appellant.

The judgment is affirmed.