163 N.J. Super. 215 (1978)
394 A.2d 414
STATE OF NEW JERSEY IN THE INTEREST OF C.B., A JUVENILE.
Superior Court of New Jersey, Juvenile and Domestic Relations Court, Bergen County.
September 20, 1978.
Ms. Beth Ann Lill, Assistant Prosecutor, for the state (Mr. Roger Breslin, Jr., Prosecutor, attorney).
*216 Mr. Matthew Catania for the juvenile (office of the public defender).
SORKOW, J.J.D.R.C. (temporarily assigned).
The State of New Jersey, by post-disposition motion, seeks leave to add as an additional condition of the juvenile's sentence the obligation to make restitution.
R. 5:9-10(e) provides that the Juvenile and Domestic Relations Court may "correct, change or modify an order of disposition * * * at any time pursuant to law * * *." The novel issue herein presented is whether the word "modify" may be interpreted to allow the imposition of an additional condition to the original disposition.
This issue arises in the following factual context. The juvenile, C.B., admitted to the allegations against him for larceny of money, N.J.S.A. 2A:170-30.1, and for receiving stolen money, N.J.S.A. 2A:139-1. The court accepted the juvenile's pleas of guilty, having determined that a factual basis existed therefor. The juvenile was given a suspended sentence to Yardville and was placed on probation until his 18th birthday. Subsequent to the final disposition entered by the Juvenile and Domestic Relations Court the State requested a restitution investigation and hearing. The State contends that unlike the adult criminal justice system, there is no constitutional impediment to a post-disposition modification to require restitution because of the purpose and philosophy of the juvenile justice system, R. 5:2 and N.J.S.A. 2A:4-42.
It is well established that an adult criminal sentence cannot be modified to impose a new and different sentence increasing defendant's punishment. State v. Laird, 25 N.J. 298 (1957); State v. Matlack, 49 N.J. 491 (1967); State v. Pratts, 145 N.J. Super. 79 (1975), aff'd o.b. 71 N.J. 399 (1975).
R. 3:21-10, which authorizes the criminal court to change or reduce a sentence, has been interpreted to permit the *217 court to reconsider leniency only and does not authorize the trial judge to increase a sentence previously imposed. Matlack, supra. There the court reasoned that a rule which purports to allow a trial judge to increase a sentence previously imposed would raise a serious constitutional problem, i.e., the right to be free from double punishment for the same conviction. Matlack, Laird and Pratts, all supra.
The fundamental issue before this court is whether it is appropriate for this court to adopt the adult criminal court standard of prohibiting post-disposition modification increasing the juvenile's sentence.
The guiding statutory mandate of the Juvenile and Domestic Relations Court differs from the adult court in that its purpose is to correct and rehabilitate rather than to punish. N.J.S.A. 2A:4-42 et seq. and N.J.S.A. 2A:4-61(c). Accordingly, stringent rules have been relaxed, allowing the court greater discretion to effectuate its rehabilitation purposes.
However, the United States Supreme Court's landmark decision, In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), guarantees a juvenile the same due process of law and fair treatment afforded an adult criminal defendant. Consistent with the rule enunciated in Gault, our Legislature recognized the necessity for providing the juvenile with constitutional due process standards of fundamental fairness, and many of these constitutional rights, including the right to be free from double jeopardy, were incorporated into the body of statutory law and are available to the juvenile as a defense as it is to adults charged with a crime. N.J.S.A. 2A:4-60. Most recently the application of adult standards to the Juvenile and Domestic Relations Court has been extended to include other rights. These include a juvenile's entitlement to full credit against his commitment for time served in detention prior to disposition, State in the Interest of W.M., 147 N.J. Super. 24 (App. Div. 1977), and a separate disposition for each adjudication, *218 State in the Interest of T.B., 149 N.J. Super. 1 (App. Div. 1977).
In accordance with the parens patriae philosophy of the Juvenile and Domestic Relations Court it is true that we are under the statutory authority to retain jurisdiction over a juvenile placed on probation, N.J.S.A. 2A:4-52(b), and may substitute any disposition which might have been made originally, but only if probation had been violated. In the present case the juvenile has not violated the terms of his probation and this court cannot add restitution post-disposition under this statutory provision.
This court holds that the interpretation of R. 5:9-10(e) to allow modification by an additional and extended disposition when there has been no violation of probation would raise the same serious constitutional problems of double jeopardy and violation of due process as found in the adult criminal law. Accordingly, this court holds that it is appropriate for the Juvenile and Domestic Relations Court to adopt the adult criminal law interpretation of the rules governing change or modification of a sentence.
The State should either have made a request for restitution prior to disposition or asked to reserve on the issue. As the prosecution failed to do so it cannot be allowed to reopen the issue after the court has entered a final disposition. Accordingly, the State's motion for restitution is denied.