**STATE of Delaware, Petitioner,**

**In the Interest of ALBERT L. Z., Jr., Respondent.**

Family Court of Delaware,
New Castle County.

Submitted: April 4, 1986.
Decided: April 15, 1986.

Paulette S. Moore, Deputy Atty. Gen., for the State.

Gary W. Aber, Wilmington, for respondent.

GALLAGHER, Judge.

### I.

Petitioner, the State of Delaware, by post-disposition motion, seeks leave to add as an additional provision of this Court's order of October 21, 1985, an obligation for the juvenile to make restitution. The respondent opposes the motion.

The issue is clear: Does the Court have the power to order restitution by respondent after respondent has been committed

to Ferris School for Boys without including in its order of October 21, 1985, a direction for restitution or reservation of jurisdiction to later consider restitution?

## II.

There is no dispute about the facts. On October 21, 1985, following a trial, respondent was declared to be delinquent with respect to charges of theft (f), conspiracy 2nd degree and criminal mischief contained in petition 85–03–296–D. Certain other charges against respondent were dismissed on the State's nolle prosequi. Respondent was committed to the custody of the Division of Youth Rehabilitation Services for confinement in a secure facility for such time as is permitted by law unless sooner discharged according to law but in no event to be released prior to the expiration of 6 months as required by the Mandatory Sentencing Law, 10 *Del.C.* § 937(c)(1). The State did not ask for restitution, and the Court did not reserve jurisdiction to consider restitution at a later date. Therefore, the order was silent concerning restitution.

Four days after entry of the order the Court received a letter from the State requesting the Court to require respondent to pay a pro rata share of $11,756.13 to the victim's insurance company and a pro rata share of any insurance premium increase charged to the victim for the year 1986. I then reserved jurisdiction to consider this question. On October 30, 1985, the Court received a letter from the assistant public defender dated October 29, 1985, objecting to the restitution claim because the State failed to request restitution during the trial. Defense counsel argued further that 11 *Del.C.* § 4106(b) requires that restitution be determined in accordance with the evidence presented in court and no such evidence was presented.

On November 6, 1985, the Court heard argument with respect to the competing positions. The State argued that restitution is mandated by 11 *Del.C.* § 4106(b) and pointed to testimony of the victim that the loss was at least $10,000. At a minimum the State requested that respondent bear a pro rata share of the $10,000 in damages. (The testimony as to value was received during the trial to prove culpability and was not received for restitution purposes.)

The public defender referred to a decision of the Supreme Court of Delaware, in *Pratt v. State of Delaware,* Del.Supr., No. 177, 1982, Horsey, J. (Mar. 15, 1984) (Order), specifying the guidelines for restitution but continued to argue that this Court lost jurisdiction over respondent after sentencing.

A further hearing was held on April 4, 1986, with respect to the restitution in question. The State continued to argue that the Court does retain jurisdiction over its order, that the State is entitled to restitution under 11 *Del.C.* § 4106 and that the State cannot be charged with laches because only three days elapsed between sentencing and the request for restitution. Private counsel for the defense continued to argue that the Court lost jurisdiction after committing the respondent to Ferris School when it did not then order restitution or reserve jurisdiction to order restitution at a later date.

## III.

This is certainly a case for restitution. This respondent and two other young men who have already been ordered to make restitution cannibalized a brand new Chevrolet automobile. The motor, transmission, wheels and tires were removed from the auto. The remainder of the automobile was totally mutilated and destroyed. The fair market value of the automobile before the unlawful event was $13,133. The dealer's price was $11,756.13. The victim filed a victim loss statement on or about March 22, 1985. So far as damage to the automobile is concerned, the victim's actual loss is $1,500 since the Delaware Insurance Commission (Harry David Zutz Insurance was the carrier) paid $10,256.13 to the victim. Assuming jurisdiction, I would have allowed all or a substantial portion of this claim.

■ The victim is also claiming $18,000 as respondent's share of the victim's increased insurance premium for the first year. The victim estimated that the increased cost would be 30% of $60,000 or $18,000 additional with $6,000 to be charged to each respondent. The evidence was insufficient to show that the $6,000 of the increase in premium should be attributed to respondent. The witness for the victim testified that the premium increase was caused by two cars being stolen, 4 other cars being damaged and other factors. He testified that he could not allocate any specific portion of the increased insurance premium to this particular respondent's activity. Thus, the evidence would be insufficient to sustain a claim against this respondent with respect to the increased insurance premium.

### IV.

This Court has authority to order a delinquent child to make restitution. 10 *Del.C.* § 937(b)(12) reads as follows:

Order a delinquent child to make restitution in whole or in part as the Court in the exercise of judicial discretion determines for injury to the person or property of another caused by the child where the monetary damage can be ascertained;

*Family Court Rule* 430(e) reads as follows:

The Court may order an adult defendant or juvenile delinquent or parent of a juvenile delinquent, as provided by law, to make restitution in whole or in part as it may determine, for injury to the person or property of another caused by the adult defendant or juvenile delinquent where the monetary damage can be ascertained.

The general criminal statute dealing with restitution reads in part as follows, and both counsel agree that this statute is applicable to this case (11 *Del.C.* § 4106):

(a) Any person convicted of stealing, taking, receiving, converting, defacing or destroying property, shall be liable to each victim of his offense for the value of the property or property rights lost to the victim and for the value of any property which has diminished in worth as a result of the actions of such convicted offender and shall be ordered by the court to make restitution. If the court does not require that restitution be paid to a victim, the court shall state its reason on the record. The convicted offender shall also be liable for direct out-of-pocket losses, loss of earnings and other expenses and inconveniences incurred by victim as a direct result of the crime ...

(b) In accordance with the evidence presented to the court, the court shall determine the nature and amount of restitution, if any, to be made to each victim of the crime of each convicted offender....

Under certain circumstances the Court has the power to review previous orders as follows (10 *Del.C.* § 925(11)):

(11) After due notice to interested parties, review, revise, or revoke any prior order of the Court with reference to the custody, control, care, support or visitation of any person, or in any proceeding where failure to do so would result in manifest injustice;

■ It should be noted that the above statute does not authorize the Court to increase any prior imposed punishment.

The United States Supreme Court held in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) that the double jeopardy clause of the Federal Constitution is applicable to the States through the Fourteenth Amendment. A Court is powerless to increase a sentence once a defendant has commenced to serve his sentence. *United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931). Generally, it is held that a sentence cannot be increased once it has been imposed or that a sentence cannot be increased after entry of judgment or that a sentence cannot be increased after it has been executed by the defendant commencing to serve the initial

sentence. *See, Annot.*, 26 A.L.R. 4th 905 (1983).

■■■■ The result is the same whether you are dealing with an adult criminal defendant or a juvenile delinquent. Even though Family Court is mainly concerned with rehabilitation of a juvenile delinquent, restitution can be regarded both as rehabilitation and punishment for delinquent acts. Some courts have commented upon the adverse effect upon a juvenile's attitude if after entry of a formal order the penalty should be increased.

There is authority directly in point. In *State in the Interest of C.B.*, N.J.Juv. & Dom.Rel.Ct., 163 N.J.Super. 215, 394 A.2d 414 (1978), the State of New Jersey by way of post disposition motion sought leave to add as an additional condition of the juvenile sentence the obligation to make restitution. The Court rejected the State's contention that the purpose and philosophy of the juvenile justice system would allow such modification. The Court stated that it is well established that an adult criminal sentence cannot be modified to impose a new and different sentence increasing the defendant's punishment. The Court also stated that the rule allowing the New Jersey Court to correct or modify a sentence had been interpreted to allow the court to consider leniency only.

The New Jersey Court stated that (394 A.2d at 415):

... the United States Supreme Court's landmark decision, *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), guarantees a juvenile the same due process of law and fair treatment afforded an adult criminal defendant. Consistent with the rule enunciated in *Gault*, our Legislature recognized the necessity for providing the juvenile with constitutional due process standards of fundamental fairness, and many of these constitutional rights, including the right to be free from double jeopardy, were incorporated into the body of statutory law and are available to the juvenile as a defense as it is to adults charged with a crime....

\*     \*     \*     \*     \*     \*

... This Court holds that the interpretation of R. 5:9–10(e) to allow modification by an additional and extended disposition when there has been no violation of probation would raise the same serious constitutional problems of double jeopardy and violation of due process as found in the adult criminal law. Accordingly, this court holds that it is appropriate for the Juvenile and Domestic Relations Court to adopt the adult criminal law interpretation of the rules governing change or modification of a sentence.

The State should either have made a request for restitution prior to disposition or asked to reserve on the issue. As the prosecution failed to do so it cannot be allowed to reopen the issue after the court has entered a final disposition. Accordingly, the State's motion for restitution is denied.

■■■ As much as I would like to require respondent to make restitution in this case, I find that I am powerless to do so because the State did not request restitution at the time of the entry of the final order. If I were to order restitution at this time, several months after respondent began serving time at the Ferris School for Boys, I would be increasing the penalty for his delinquent acts in violation of the double jeopardy clause of the Constitutions of the United States and the State of Delaware. This I cannot do. Accordingly, I must deny the State's motion for the Court to order restitution at this time.