**Autrey J. LOCKLEAR, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 35, 1996.**

Supreme Court of Delaware.

Submitted: March 18, 1997.

Decided: April 11, 1997.

Autrey J. Locklear, pro se.

Loren C. Meyers, Chief of Appeals Division, Department of Justice, Wilmington, for appellee.

Bernard J. O'Donnell, Office of the Public Defender, Wilmington, amicus curiae.

Before VEASEY, C.J., HOLLAND, and HARTNETT, JJ.

HOLLAND, Justice:

In April 1989, the defendant-appellant, Autrey J. Locklear ("Locklear"), entered guilty pleas to ten counts of Felony Theft. The thefts involved defalcations by Locklear from the accounts of various individual investors. Those funds had been entrusted to Locklear as the agent for a securities brokerage firm, First Securities Corporation ("FSC").

In his guilty plea agreement, Locklear agreed "to make full restitution to each of the enumerated victims in Schedule A." The "enumerated victims" were the individual investors who had suffered financial losses as a result of Locklear's crimes. At his sentencing in June 1989, Locklear was ordered to "make restitution to all victims listed in Schedule A," in an amount determined to be $697,539.05.[1] Locklear was also sentenced cumulatively to 50 years of imprisonment at Level V, suspended after 18 years for more than 40 years of probation at Level II.

This proceeding is Locklear's appeal from the denial of his application for a modification of the restitution order. After initial appellate briefing was completed, this Court remanded the matter to the Superior Court for reconsideration. On remand, the Superior Court adhered to its prior ruling that "[a]ny funds paid in the form of restitution to [Locklear's] alleged victims will be credited to the amount that he owes and adjusted accordingly," only after Locklear's release from prison.

When this matter was returned from the Superior Court, this Court appointed Bernard J. O'Donnell, Esquire, as *amicus curiae*. In that capacity, Mr. O'Donnell filed an excellent brief. The Court is grateful to him for the valuable service he has rendered.

The first question in the continuation of this appeal is whether Locklear's restitution order should be credited with amounts that have been paid to Locklear's victims by FSC. If that question is answered affirmatively, the second issue on appeal is whether that

---

1. The record reflects that the restitution amount was calculated at more than $750,000 and was later re-calculated to the final amount of $697,-539.05.

credit should be made at this time or upon Locklear's release from prison. This Court has concluded that Locklear's restitution order should be modified to reflect a credit for the compensation paid to Locklear's victims by FSC and that the modification should take place at this time.

### Facts

After Locklear's indictment, the Delaware Securities Commissioner initiated an administrative proceeding against FSC. The Delaware Securities Commissioner charged FSC with failing to supervise Locklear properly. In December 1990, after Locklear's guilty plea and sentencing, FSC and the Delaware Securities Commissioner entered into a consent order.

In the consent order, without admitting liability, FSC agreed to pay restitution to investors who had given funds to Locklear. The consent order also provided for those investors who were reimbursed by FSC to sign a general release of all claims against FSC. That release, however, would not preclude any individual investor from pursuing any residual claim in an action against Locklear.

In accordance with the terms of the consent order, the Delaware Securities Commissioner directed FSC to pay a total of $592,-151.50 to thirty investors. As a result of FSC's payments pursuant to the consent order, some individual investors were completely reimbursed for losses and other investors were partially reimbursed for their losses. Some of those individuals were the "[enumerated] victims listed in Schedule A" of Locklear's restitution order.

In August 1994, Locklear was denied parole, *inter alia*, on the ground of "Lack of Plan to Restore Victims." In December 1995, Locklear applied for a modification of the restitution order to reflect a credit for the payments that had been made by FSC to individual investors who were identified on his "enumerated victims" list. The Superior Court denied Locklear's application. It stated that Locklear's claim for a set-off or credit would be considered by his probation officer at the time of Locklear's release from prison.

### Credit for Restitution
### Third–Party Payments to Victims

■ The first question presented in this appeal is whether the payments made to Locklear's "enumerated victims" by FSC, pursuant to the consent order entered in the administrative enforcement proceeding, should be credited against the restitution order that was entered in Locklear's criminal proceeding. *See State v. Iniguez*, Ariz.Ct. App., 821 P.2d 194, 196–97 (1991). Locklear contends that 11 *Del.C.* § 4106 ("Section 4106") required the Superior Court to credit his restitution order with the amount of money paid by FSC to those investors who were on the schedule of his "enumerated victims." The State agrees that Locklear's restitution order should be reduced by the amounts FSC paid to each of the "enumerated victims."

Section 4106(e) reflects the General Assembly's intention to coordinate compensation to victims of criminal acts. Section 4106(e) provides that a restitution order does not preclude the victim from proceeding in a civil action against the criminal defendant. 11 *Del.C.* § 4106(e). Nevertheless, any civil judgment entered in favor of the victim against the defendant is required to be reduced by the amount of restitution paid as part of the criminal sentence. *Id.* The reason for such coordination was explained, in a similar context, by the Arizona Court of Appeals:

> When the restitution statutes are construed together in light of their purposes it appears that the Legislature intended that the courts coordinate criminal restitution and civil damage recoveries. The Legislature intended to fully compensate the victim for economic loss. However, the statutory scheme contains no hint that the Legislature intended to go beyond full compensation and confer a windfall. Because a primary purpose of restitution is to make the victim whole, and the other aim of restitution is rehabilitative rather than punitive, payment beyond that necessary to compensate does not serve the Legislature's purposes.

*State v. Iniguez*, 821 P.2d at 198 (footnote omitted).

The Delaware statute requires that any civil judgment entered against the defendant in favor of the victim be reduced by the amount of restitution paid to the victim under the criminal restitution order. 11 *Del.C.* § 4106(e). Conversely, the amount due under a criminal restitution order must be reduced by the full or partial payment of any civil judgment entered in favor of the victim against the defendant. *Cf. id.* Similarly, the statutory scheme of coordinating victim compensation requires a set-off against the restitution order for any payment that the victim receives from a third party. *Cf. id.*

■ Accordingly, this Court holds that when the victim of a crime receives compensation from a third party, that amount is to be credited in the same manner as compensation received by the victim from the defendant through a civil action. The criminal restitution order must be modified to reflect that set-off. Thus, the State properly acknowledged the validity of Locklear's first argument in this appeal.

### Restitution Reduction
### Contemporaneous Calculation

■ The second question presented in this appeal is whether Locklear's restitution order should be credited with FSC's payments to his "enumerated victims" now or when Locklear has completed serving the incarceration portion of his sentences. An order of restitution constitutes a judgment against the defendant sentenced in a criminal proceeding "[i]mmediately upon imposition." 11 *Del.C.* § 4101(b). In the event a defendant does not comply with an order to pay restitution, the clerk or Prothonotary is directed to cause that judgment from a criminal proceeding to

be entered upon the civil judgment docket of the court. *Id.*

The provisions of Delaware's restitution statute reflect why a timely recalculation of a restitution order's balance is mandated, upon the victim's receipt of any compensating payment. First, it is important to credit the restitution order contemporaneously with the victim's receipt of payments so that any subsequent transfer to the civil judgment docket is accurate. Second, because any civil judgment recovered by the victim against the defendant must be reduced by the "amount of restitution paid," accurate current information must be available regarding credits to the original restitution order. 11 *Del.C.* § 4106(e).

The logical and orderly operation of Delaware's restitution statute requires a timely recalculation of the restitution amount which remains payable by the defendant, following the receipt of compensation by the crime victim from either the defendant or a third party. The Delaware restitution statute mandates each court to determine the amount of restitution to be made to a victim and to establish procedures for its collection and disbursement. 11 *Del.C.* § 4106(b), (d); *see Pratt v. State*, Del.Supr., 486 A.2d 1154, 1161 (1983). The Superior Court is directed to credit its restitution order, at this time, by an amount equal to the sums it determines have been paid by FSC to Locklear's "enumerated victims."

### Restitution Rules
### Criminal Jurisdiction Courts

In *Pratt*, this Court directed that all courts with criminal jurisdiction promulgate procedural rules to implement Section 4106. *Pratt v. State*, Del.Supr., 486 A.2d 1154 (1983). In articulating guidelines for those rules,[2] this

---

**2.** In *Pratt*, this Court provided the following guidelines to assist the trial courts, that have criminal jurisdiction, in their rulemaking tasks:

(1) Victim loss statements used by the police and/or the Presentence Office must be changed to ask for market value, as opposed to replacement value or replacement cost.

(2) Whenever possible, victim loss statements should be completed by the victim, who must include a receipt or other verification of the loss statement.

(3) A letter informing the victim of the right to seek restitution must accompany the loss statement.

(4) Restitution is discretionary and its imposition shall be governed by 11 *Del.C.* § 4106(a).

(5) Restitution should be ordered when the victim has suffered an actual monetary loss through personal injury, damage to or destruction or theft of property.

Court acted pursuant to its authority under Article IV, Section 13(1) of the Delaware Constitution and the statutory power conferred by Section 4106(d). *Id.* Similarly, the holdings in this opinion must become a part of the restitution rules in all courts with criminal jurisdiction. *Id.*

### *FSC's Reimbursement Rights Issue Not Properly Presented*

◼ The State argues that FSC should be reimbursed by Locklear for its payments to his "enumerated victims." That argument raises multiple concerns. First, it should initially be presented to the Superior Court. Second, it should be considered at the request of FSC. Third, FSC may not be a *voluntary* third-party contributor. *Pratt v. State*, Del.Supr., 486 A.2d 1154 (1983). Fourth, it may not be proper to re-open the order of restitution at this time. *See In re Albert L.Z.*, Del.Fam.Ct., 517 A.2d 710 (1986). Consequently, in this appeal by Locklear, we have not addressed the merits of the State's contention with regard to FSC's rights, if any, to reimbursement from Locklear.

### *Conclusion*

This matter is remanded to the Superior Court for further proceedings in accordance with this opinion. Jurisdiction is not retained.

(6) Restitution should cover the victim's own out-of-pocket expenses and losses as a first priority; losses covered by insurance are the lowest priority.

(7) The defendant's ability to pay is an element to be considered in determining the amount of restitution and the schedule of payments. *Pratt v. State*, 486 A.2d at 1161.