### In re GRAVES.

#### (District Court, E. D. Wisconsin. August 13, 1902.)

1. CRIMINAL LAW—CHANGE OF SENTENCE.
   Where the execution of a sentence to imprisonment in the Detroit House of Correction had commenced when the warden refused to carry out the sentence because not allowed to receive federal prisoners for such term under the state law, the court, at the same term at which the sentence was imposed, had authority to recall the prisoner, set aside the sentence, and impose one for a shorter term in another house of correction.

On Application for Writ of Habeas Corpus.

Phillips & Neillson, for petitioner.

SEAMAN, District Judge. The petitioner is imprisoned in the Milwaukee House of Correction under sentence and commitment by the district court of the United States for the Northern district of Illinois upon indictment for violation of sections 5430, 5431, Rev. St. U. S., and plea of guilty entered therein, to serve at hard labor for a period of 1½ years from the date of sentence, June 23, 1902, and applies for writ of habeas corpus, alleging that such imprisonment is

unlawful upon the following ground: That the petitioner was previously, on June 16, 1902, sentenced on the same charge "to imprisonment in the house of correction of the city of Detroit, in the state of Michigan, for the period of two years," and was thereupon committed "and entered upon the service of said sentence, and was for a number of days imprisoned" thereunder. The question thus raised is not complicated by any hardship imposed upon the prisoner by the resentence, nor by any excess or want of jurisdiction in the original sentence, for the term was clearly within the statute; and the only objection suggested to its execution was the refusal of the warden to carry out the sentence because not allowed to receive federal prisoners for such term under the state legislation. It involves only the inquiry whether the court possessed the power to recall the prisoner, set aside the sentence, and impose another modified sentence during the same term, notwithstanding the fact alleged that execution of the former sentence had commenced; and, whatever diversity of opinion appears in other jurisdictions, the doctrine is established in the federal courts that such power exists, and that it is applicable as well where the original sentence was in excess of jurisdiction. Bassett v. U. S., 9 Wall. 38, 41, 19 L. Ed. 548; Ex parte Lange, 18 Wall. 163, 167, 21 L. Ed. 872; Reynolds v. U. S., 98 U. S. 145, 168, note, 25 L. Ed. 244; In re Bonner, 151 U. S. 242, 259, 14 Sup. Ct. 323, 38 L. Ed. 149; Williams v. U. S., 168 U. S. 382, 389, 18 Sup. Ct. 92, 42 L. Ed. 509; Ex parte Waterman (D. C.) 33 Fed. 29; U. S. v. Harman (D. C.) 68 Fed. 472. In Ex parte Lange, supra, the doctrine so stated is distinctly recognized, but the case is distinguished as one where the statute authorized imprisonment, or fine, in the alternative only, and the sentence imposed both; and the majority opinion merely holds that new sentence of imprisonment alone cannot be imposed after payment of the fine, which operated as a satisfaction of the prior judgment. The sentence under which this petitioner is imprisoned is in all respects more favorable to him than was the original sentence, and escape therefrom is sought on the ground of change in the place of imprisonment after he had "entered upon the service" of the first sentence.

As the place of imprisonment was discretionary, and in no sense affected the jurisdiction, and the power of the court over its own judgment within the term is undeniable (Ex parte Lange, supra), I am clearly of opinion that the sentence and commitment in question are valid, and, no ground appearing to grant the petitioner the benefits of a writ of habeas corpus, the application is denied.