## UNITED STATES v. BENZ.

No. 112.   Argued December 8, 1930.—Decided January 5, 1931.

*Solicitor General Thacher,* with whom *Assistant Attorney General Youngquist* and *Messrs. Mahlon D. Kiefer* and *Erwin N. Griswold* were on the brief, for the United States.

*Mr. Francis Biddle* for Benz.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This case is here on a certificate from the court below under § 239 of the Judicial Code, as amended by the act of February 13, 1925, c. 229, 43 Stat. 936, 938; U. S. C.,

Title 28, § 346... Benz was indicted for a violation of the National Prohibition Act. He entered a plea of guilty and was sentenced to imprisonment for a term of ten months beginning December 27, 1929. While undergoing imprisonment under this sentence, and before expiration of the term of the federal district court which had imposed the sentence, he filed a petition asking that the sentence be modified. The court, over the objection of the United States, entered an order reducing the term of imprisonment from ten to six months. The government appealed, and the court below, desiring the instruction of this Court, certified the following question:

"After a District Court of the United States has imposed a sentence of imprisonment upon a defendant in a criminal case, and after he has served a part of the sentence, has that court, during the term in which it was imposed, power to amend the sentence by shortening the term of imprisonment?"

The contention of the government is that after the defendant has been committed and has entered upon service of a valid sentence, the power of the court to alter the sentence, even at the same term, has come to an end. In addition, some stress is put upon the fact that the powers of the three departments of government are separated by the Constitution, so that one of the departments may not exercise the powers conferred upon either of the others; and it is suggested that from this separation the implication fairly may be drawn that a reduction by the court of a valid sentence after it has been partly served is, in effect, an invasion of the power to pardon offenses, including the power to commute, vested in the executive by Art. II, § 2, cl. 1, of the Constitution.

The general rule is that judgments, decrees and orders are within the control of the court during the term at which they were made. They are then deemed to be " in the breast of the court " making them, and subject to be

amended, modified, or vacated by that court. *Goddard* v. *Ordway*, 101 U. S. 745, 752. The rule is not confined to civil cases, but applies in criminal cases as well, provided the punishment be not augmented. *Ex parte Lange*, 18 Wall. 163, 167–174; *Basset* v. *United States*, 9 Wall. 38. In the present case the power of the court was exercised to mitigate the punishment, not to increase it, and is thus brought within the limitation. Wharton, in Criminal Pl. and Pr., 9th ed., § 913, says: "As a general practice, the sentence, when imposed by a court of record, is within the power of the court during the session in which it is entered, and may be amended at any time during such session, provided a punishment already partly suffered be not increased."

The distinction that the court during the same term may amend a sentence so as to mitigate the punishment, but not so as to increase it, is not based upon the ground that the court has lost control of the judgment in the latter case, but upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall " be subject for the same offense to be twice put in jeopardy of life or limb." This is the basis of the decision in *Ex parte Lange, supra.* There, the punishment prescribed by statute was imprisonment for not more than one year or a fine of not less than ten dollars nor more than two hundred dollars; but Lange was sentenced to one year's imprisonment *and* to pay two hundred dollars fine. Five days after the imprisonment had begun, after payment of the fine and during the same term, Lange was brought before the same court on a writ of *habeas corpus;* an order was entered vacating the former judgment, and he was again sentenced to one year's imprisonment from that time. This Court stated the rule to be, p. 167: " The general power of the court over its own judgments, orders,

and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable." The Court declared, however, that the power could not be so used as to violate the constitutional guarantee against double punishment, holding (p. 173) that this guarantee applied to all cases where a second punishment is attempted to be inflicted for the same offense by a judicial sentence:

" For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offence? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had, and on a second conviction a second punishment inflicted?

" The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it."

But the Court immediately proceeded to say, p. 174:
" If the court, for instance, had rendered a judgment for two years' imprisonment, it could no doubt, on its own motion, have vacated that judgment during the term and rendered a judgment for one year's imprisonment; or, if no part of the sentence had been executed, it could have rendered a judgment for two hundred dollars fine after

vacating the first." Then, returning to the question of double punishment, and reciting that Lange had paid the fine and had undergone five days of the one year's imprisonment first imposed, the Court said, p. 175:

"  . . .  can the court vacate that judgment entirely, and without reference to what has been done under it, impose another punishment on the prisoner on that same verdict? To do so is to punish him *twice* for the same offence. He is not only put in jeopardy twice, but put to actual punishment twice for the same thing."

The *Lange* case and the *Basset* case, *supra*, probably would have set at rest the question here presented had it not been for a statement in *United States* v. *Murray*, 275 U. S. 347, 358. In that case this Court held that where the defendant had begun to serve his sentence, the district court was without power, under the Probation Act of March 4, 1925, to grant him probation; and, citing *Ex parte Lange* as authority, said: " The beginning of the service of the sentence in a criminal case ends the power of the court even in the same term to change it." But the *Murray* case involved the construction of the Probation Act, not the general powers of the court over its judgments. The words quoted were used by way of illustration bearing upon the congressional intent, but were not necessary to the conclusion reached. That they state the rule more broadly than the *Lange* case warrants is apparent from the foregoing review of that case.

The rule thus being settled for this Court by its prior decisions, we need not discuss the conflicting state cases nor the conflicting decisions of lower federal courts which are cited, further than to say that the federal cases cited by the government in support of its position are comparatively recent, and at least in some instances rest upon the general statement in the *Murray* case just quoted. The earlier view is to the contrary. Thus in the case of *In re Graves*, 117 Fed. 798, where a person had been re-

sentenced to serve for a period of one and one-half years after having been imprisoned for a number of days under a sentence of two years, the court refused to discharge him on *habeas corpus*, saying [p. 799]:

"It involves only the inquiry whether the court possessed the power to recall the prisoner, set aside the sentence, and impose another modified sentence during the same term, notwithstanding the fact alleged that execution of the former sentence had commenced; and, whatever diversity of opinion appears in other jurisdictions, the doctrine is established in the federal courts that such power exists, and that it is applicable as well where the original sentence was in excess of jurisdiction. [Citing, among other cases, *Ex parte Lange* and *Basset* v. *United States, supra*.] In Ex parte Lange, supra, the doctrine so stated is distinctly recognized, but the case is distinguished as one where the statute authorized imprisonment, or fine, in the alternative only, and the sentence imposed both; and the majority opinion merely holds that new sentence of imprisonment alone cannot be imposed after payment of the fine, which operated as a satisfaction of the prior judgment. The sentence under which this petitioner is imprisoned is in all respects more favorable to him than was the original sentence, and escape therefrom is sought on the ground of change in the place of imprisonment after he had 'entered upon the service' of the first sentence.

"As the place of imprisonment was discretionary, and in no sense affected the jurisdiction, and the power of the court over its own judgment within the term is undeniable (Ex parte Lange, supra), I am clearly of opinion that the sentence and commitment in question are valid, and, no ground appearing to grant the petitioner the benefits of a writ of habeas corpus, the application is denied."

With this application of the rule and interpretation of the prior decisions of this Court, we entirely agree.

We find nothing in the suggestion that the action of the district court in reducing the punishment after the prisoner had served a part of the imprisonment originally imposed was a usurpation of the pardoning power of the executive. The judicial power and the executive power over sentences are readily distinguishable. To render judgment is a judicial function. To carry the judgment into effect is an executive function. To cut short a sentence by an act of clemency is an exercise of executive power which abridges the *enforcement* of the judgment, but does not alter it *qua* judgment. To reduce a sentence by amendment alters the terms of the judgment itself and is a judicial act as much as the imposition of the sentence in the first instance.

The question propounded must be answered in the affirmative.

*It is so ordered.*