charges to be made for the service to the plaintiffs of water from the Flathead Reclamation Project.

In making this order we wish to point out that the plaintiffs joining the United States as a party have, in effect, taken the position that they are litigating their right to the water as against the United States, and that they have failed to bring in other parties interested in the water as permitted and required by this court. Plaintiffs were. not given leave generally to amend by the modified order made on rehearing, but leave to amend for either one of two specific purposes, and this amendment was required to be filed within a reasonable time. That time has passed. We think the interests of the parties will best be litigated in a separate suit brought for that purpose; and, secondly, even if we had power at this time to further permit amendment we would not be disposed to do so. Let the writ issue accordingly.

3, 1933, was sentenced. He was removed from the courtroom to the detention room adjoining, recalled to the courtroom, and thereupon the judge sentenced him and changed his sentence to two and a half years' imprisonment. He is now imprisoned and detained under that sentence.

He had not been taken to a place of detention where he would commence service of his sentence when the alleged illegal sentence was imposed. Had he entered upon serving his first sentence, it could not have been increased (United States v. Benz, 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. 354) but could have been modified within the term by changing the place of imprisonment. Wall v. Aderhold, 51 F.(2d) 714 (D. C. Ga.). But, while awaiting removal to jail, he had not begun to serve his sentence. 18 USCA § 709 (a).

The application for leave to file a writ of mandamus in forma pauperis is denied.

---

### DE MAGGIO v. COXE, United States District Judge.

*Circuit Court of Appeals, Second Circuit.*

May 21, 1934.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

On this application the defendant urges that the District Judge lacked jurisdiction to impose upon him a second and increased sentence contrary to his constitutional rights. He was charged with a violation of the Narcotic Act and pleaded guilty, and on October

### UNITED STATES ex rel. GALLIVAN v. HILL, Warden.

No. 5429.

*Circuit Court of Appeals, Third Circuit.*

April 18, 1934.

Herman F. Reich, of Sunbury, Pa., for appellee.