**FRANKEL v. UNITED STATES.**

No. 9045.

Circuit Court of Appeals, Sixth Circuit.

Dec. 5, 1942.

[1] H.R.Rep. No. 615, 74 Cong., 1st Session (1935) 36; Sen.Rep. No. 628, 74th Cong., 1st Session (1935) 48.

William G. Comb, of Detroit, Mich., for appellant.

Louis M. Hopping, of Detroit, Mich. (John C. Lehr, of Detroit, Mich., on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

The appellant was indicted with others for conspiracy to violate the alcohol tax laws. His original plea of not guilty was subsequently withdrawn, and on June 24, 1941, he was brought into court for sentence on his plea of guilty. While his case had previously been referred to the probation office for report, it does not appear that any report was received. During a somewhat extended oral examination the colloquy set forth in the margin[1] took place between the court and the defendant, and at its close the court indicated a fine of $1,500 with the grant of 30 days for its payment, and a continuance of the bond during the interval. In the short book for June 24, 1941, appears the notation "Indicated fine of $1500 to be paid by defendant John S. Frankel, in 30 days."

On July 15, and well within the 30 day period, Frankel appeared before the court seeking a reduction of the fine, representing that it was impossible for him to raise $1,500. The court thereupon inquired whether there was any reason why sentence should not then be pronounced, and no response being received, imposed a prison sentence of 2½ years with no option of a fine. Frankel was taken into custody by virtue of the sentence, but three days later, and still within the 30 day period, his attorney tendered $1,500 to the clerk of the court in payment of the fine. It was refused, and the court later denied a petition praying that the clerk be required to accept the fine and release the appellant. This appeal followed and it is based upon

---

[1] "The Court: I am indicating a fine of $1500. How much time do you want to pay it?

"Frankel: I would like so much time as I can get, your Honor.

"The Court: I take it from what you say you are a big business man down there in Cicero, and you must have $1500 lying around most anywhere.

"Frankel: No sir, I am head over heels in debt.

"The Court: How much time do you want to pay it?

"Frankel: Just the maximum. I will have to pay it as I can earn it. I am in debt.

"The Court: I will give you thirty days in which to pay it.

"Frankel: It is a physical impossibility. I just couldn't. If I had to go out with a gun I couldn't. I am head over heels in debt. I come here so many times. Mr. Rowe has received no money.

\* \* \* \* \*

"The Court: I will allow you thirty days in which to pay this fine and your bond may be continued.

"The court indicates a fine of $1500.

"Frankel: Thank you, your Honor. I will do what I can."

the contention that the imposition of the fine was a valid sentence and the subsequent prison sentence invalid.

■■ It is settled that the court which has jurisdiction over a defendant whose guilt is established in a criminal case by verdict or plea, has the power, during the same term of court, to set aside a sentence and impose another modified sentence notwithstanding that execution of the former sentence had commenced. In re Graves, D.C., 117 Fed. 798; United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354. It is not, however, within the power of the court to increase a sentence when punishment has already been partly suffered under the original sentence. Wharton Criminal Pleading and Practice, 9th Ed., p. 913; Ex parte Lange, 18 Wall. 163, 167 to 174, 21 L.Ed. 872. The question then arises whether the indication of a fine of $1,500 was a valid sentence, and if so whether punishment thereunder had already, in some respects, been suffered. If it had the court had no power to increase it.

The injustice residing in the pronouncement of more than one sentence on the same verdict (or plea) is fully rationalized in the opinion In re Lange, supra, quoted with approval in United States v. Benz, supra. There it was said: "For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offence? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution." [282 U.S. 304, 51 S.Ct. 114, 75 L.Ed. 354]. This was said in a case where punishment was augmented by the second sentence but after the first had been entered upon, the court recognizing, however, that the modification of a sentence would not violate the guaranty against double punishment, nor would its increase if no part of the sentence had been executed.

In the present case no confinement in prison had originally been imposed and so no serving of time could have or had been entered upon. Nevertheless it may well be that the appellant had already suffered punishment by the indication of a proposed fine. He set about raising the money.

That he was partly successful, though not wholly so, is to be inferred from his plea for reduction. What steps he took do not appear, but it may well be that he obligated himself to relatives and friends, or sacrificed property or collateral. Nine days before the critical date he applied to the court for amelioration. Had he not appeared, or had he been ready with the indicated fine, it is clear that he neither would nor could have then been sentenced to imprisonment. His plea was met not merely by denial but by stern increase in punishment.

■ No more solemn duty faces a court in the exercise of the judicial function than the imposition of sentence upon those guilty of crime. That it should be imposed only upon careful deliberation and be neither equivocal nor the result of whim or caprice, ought not to require demonstration. There may be circumstances wherein the preliminary indication of a fine is not to be construed as the solemn final and deliberate judgment of the court, as for example, where the court is endeavoring to ascertain whether imposition of a fine will fall more heavily upon dependents than upon the defendant himself, and so endeavors to ascertain in advance of formal sentence, whether it is possible for the defendant to pay an indicated fine. But in the particular circumstances of this case, we are constrained to hold that coupled as it was with a definitely granted grace period, its entry upon the records of the court, and the clear understanding of the defendant, as gathered from the colloquy and the plea for reduction of fine, that he was obliged to pay $1,500 as his punishment, there was nothing tentative nor exploratory about the indicated fine, but rather a formal pronouncement of sentence, and so valid. In the light of cited authority it could not be augmented, and the subsequent sentence must be set aside.

■■ If we are wrong in this another reason appears to sustain the conclusion. The court gave the defendant 30 days within which to pay the fine. Before expiration the fine was tendered to the clerk. When the prison sentence was imposed the period of grace had not yet run. Respect for and confidence in the judicial process would seem to demand that a court keep faith even with the most venial of those subject to its decrees. The fine should have been accepted. No good reason appears why the definitely granted grace period.

was abridged. The right of petition, which is the right of entreaty, supplication, and prayer, was long ago held to be among the inalienable rights of men.[2] It is not less so when addressed to a court of justice. A plea to ameliorate punishment, however lacking in good faith it may seem to the court, does not of itself call for transmutation of a clearly indicated fine into a prison term for years, nor in any event justify departure from promise of judical grace. Assuming that the court had power to set aside the fine, or that the indicated fine was not a formal sentence, the court was still without power to impose a prison sentence until the interval set by it for payment, had expired. The sentence must be set aside and the case remanded for the imposition of sentence. While the mandate will not so recite, it is to be presumed that under the circumstances of the case and in the light of our discussion, the earlier judgment of the court, as to punishment, will prevail.

Judgment reversed.

---

[2] It is only necessary to recall the repeated presentation of petitions by John Quincy Adams to the House of Representatives, demanding not only the abolition of slavery but his own execution.