## BRADFORD v. UNITED STATES.

### No. 11601.

Circuit Court of Appeals, Fifth Circuit.

June 27, 1946.

Rehearing Denied July 30, 1946.

James Roy Bradford, of Alcatraz, Cal., in pro. per., for appellant.

John D. Hill, U. S. Atty., and Robert W. Gwin, Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

On May 3, 1940, the following sentences were imposed against the Appellant for liquor violations:

Indictment No. 10468, two years' imprisonment;

Indictment No. 10469, three years' imprisonment, to begin at the expiration of sentence under Indictment No. 10468;

Indictment No. 10476, five years' imprisonment on Counts 6 and 7, to begin at the expiration of the sentence under Indictment 10469;

Indictment No. 10472, twelve months' imprisonment, to begin at the expiration of the sentence under Indictment No. 10476;

Total imprisonment, eleven years.

Under Indictment No. 10476, in addition to the sentence of five years under Counts 6 and 7, Appellant was placed on probation for five years under Counts 1, 2, 3, 4, 5, 8, and 9, which probation was ordered to begin at the expiration of the sentence imposed under Indictment No. 10472, at the end of the eleven consecutive years of imprisonment.

On April 24, 1945, long after the term of court had expired and after the Appellant had completed the sentence under Indictments 10468 and 10469, had not the customary reductions of time for good conduct been canceled, the Judge of the sentencing court made an order undertaking to reduce the sentence by providing that the sentences in Cases 10476 and 10472 should run concurrently with the sentences imposed in Cases 10468 and 10469. He also made an order that the period of probation of five years should be reduced to three years and should commence at the expiration of the sentence of three years imposed in Case 10469. Four days thereafter, or on April 28, 1945, he concluded that since the term during which the sentences were imposed had expired and since the Defendant had begun the service of his five-year sentence, the order of April 24 undertaking to reduce that sentence had been improvidently issued in that the Court was without jurisdiction to modify or change the sentence. He thereupon made an order setting aside and vacating his orders of April 24.

Appellant thereafter filed a motion in the lower Court to restore the order of April 24 which had been designed to reduce the sentence. He contended below, and here, that the order of April 24 was a ministerial act merely *changing the execution date of the sentence* as distinguished from an order *reducing the sentence*. He urges also that the Court was without jurisdiction to enter the order of April 28, revoking the allegedly valid order of April 24 whereby his sentence had been reduced from eleven to six years, because the order of April 28 would thus have the effect of increasing the sentence which he had lawfully received under the order of April 24.

While we are sympathetic with the efforts of the Judge of the lower Court to reduce what seems on its face—and without the facts before us—to have been a rather severe sentence, nevertheless, we are unable to agree with these contentions.

In United States v. Murray and Cook v. United States (companion cases), 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, it was held—in affirmance of this Court in the Cook case—that after a person had commenced the service of a sentence the Court had no power to grant probation in lieu of imprisonment even though the term of the court at which the sentence was imposed had not expired. However, in the later case of United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354, it was held that a federal district court had the power during the same term of court to amend the sentence by shortening the period of imprisonment even though the defendant had already entered upon the service of his sentence. In the latter case the Court did not depart from the general rule that a valid sentence cannot be amended after the term of the court at which it was rendered had expired, but that a sentence could be reduced during the term at which it was rendered even though the defendant had begun the service of his sentence.

The controlling factor here, therefore, is not whether Appellant had commenced serving that part of his sentence which the Court later sought to reduce, but whether or not the term of the court at which the sentence was imposed, and the judgment entered, had expired.

Concededly, the term of court at which the sentence was entered (May 3, 1940) had expired long before the attempted amendment on April 24, 1945, but the Appellant says that this order of April 24 was not a reduction of sentence by judicial order but was merely a ministerial act whereby the date of execution of the sentence was changed.

We cannot agree that any order which reduces the time one has been ordered to serve from eleven years to six, and which cuts the probation period from five years to three, is a mere ministerial act. "To reduce a sentence by amendment alters the terms of the judgment itself and is a judicial act as much as the imposition of the sentence in the first instance." United States v. Benz, supra, 282 U.S. 304, text, 311, 51 S.Ct. 113, 115, 75 L.Ed. 354.

The Court below was without jurisdiction or power to alter, amend, or reduce the sentence and the order of April 24, 1945, was a nullity. Being such it conferred no rights upon the Appellant and could not serve as a basis for his contention

212

that the order of April 28 was an unconstitutional increase in the sentence that had been lawfully effected by the modification order of April 24.

The order of the Court was correct and it is affirmed.