204 F.2d 321
 UNITED STATES,
v.
ROSENSTRIECH.
 No. 200, Docket 22600.
 United States Court of Appeals Second Circuit.
 Argued April 15, 1953.
Decided May 15, 1953.
 
 George L. Grobe, U.S. Atty. for the Western District of New York Buffalo, N.Y. (Austin J. Donovan, Rochester, N.Y., of counsel), for appellee.
 Harry Gittleson, Brooklyn, N.Y. (Arnold D. Roseman, New York City, of counsel), for appellant.
 Before SWAN, Chief Judge, and A. N. HAND and FRANK, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 It is well settled that, thanks to the double-jeopardy provision of the Fifth Amendment, a federal court may not increase (a) a sentence of imprisonment, once execution of the sentence has begun, or (b) a sentence to pay a fine, after the fine first imposed has been paid.[1] We think that, for this purpose at least, probation- which has been called an 'authorized mode of mild and ambulatory punishment'[2] - should be deemed the equivalent of imprisonment. A probationary period starts when the judge imposes sentence.[3] It is suggested that here it did not commence until the probation officer in New York was advised of the sentence; but assuming, arguendo, the cogency of this suggestion in appropriate circumstances, it has no relevance here since such advise had been given to the officer previous to July 8.
 
 
 2
 We think the sentence imposed on June 30 must be considered a unit. Accordingly, it had been executed in part before July 8, and the judge's action on that date, by augmenting the fine, was beyond his lawful powers.
 
 
 3
 Reversed.
 
 
 4
 AUGUSTUS N. HAND, Circuit Judge (concurring).
 
 
 5
 The majority opinion holds that placing the defendant on probation started the execution of his sentence. I think there may be some doubt about this, since three Justices of the Supreme Court have indicated that there is no constitutional bar to increasing a sentence if probation has started and later been revoked and the majority opinion did not reach the constitutional issue. Roberts v. United States, 320 U.S. 264, 276-277, 64 S.Ct. 113, 88 L.Ed. 41. But here it appears that the defendant's counsel had the money in court with which to pay the fine before it was increased. In my opinion the readiness and ability to pay the fine (even absent the formal act of a tender) should operate as the equivalent of its payment. Cf. Frankel v. United States, 6 Cir., 131 F.2d 756, 758. Therefore, though adopting somewhat different reasoning, I concur in the result reached in Judge FRANK'S opinion.
 
 
 
 [1]
 Ex parte Lange, 18 Wall. 163, 173, 21 L.Ed 872; In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500. See also United States v. Benz, 282 U.S. 304, 306, 51 S.Ct. 113, 75 L.Ed. 354; De Maggio v. Coxe, 2 Cir., 70 F.2d 840; Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499, 501; Acme Poultry Corp. v. United States, 4 Cir., 146 F.2d 738, 739; cf. Frankel v. United States, 6 Cir., 131 F.2d 756, 758-759
 Decisions are not in point which hold that a sentence may be increased on the same day that the original sentence was imposed and while defendant was still in the courthouse; for, in such a situation, the execution had not started. See, e.g., Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499; Oxman v. United States, 8 Cir., 148 F.2d 750, 159 A.L.R. 155; De Maggio v. Coxe, 2 Cir., 70 F.2d 840.
 Nor are cases in point which hold valid a sentence heavier than the original sentence where the latter was ruled to be invalid on defendant's suit. Murphy v. Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711, or where the original sentence was invalid because of the failure to impose the required minimum penalties, Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. Of course, reduction of a sentence partly executed is not invalid. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.
 
 
 [2]
 Cooper v. United States, 5 Cir., 91 F.2d 195, 199; Nix v. United States, 5 Cir., 131 F.2d 857, 858; cf. Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41
 
 
 [3]
 Sanford v. King, 5 Cir., 136 F.2d 106, 108