**JOE PEDRO, Appellant,**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 18-00

March 13, 2002

Before RICHMOND, Associate Justice, WARD,[*] Acting Associate Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Appellant, Bentley C. Adams III, Asst. Public Defender
For Appellee, John W. Cassell, Asst. Attorney General

## ORDER AND OPINION

### Procedural History

On June 3, 1997, appellant pled guilty to one count of rape in violation of A.S.C.A. § 46.3604(a)(2), as a Class B felony. As such, the offense is punishable by a sentence of imprisonment of not less than five years and not more than 15 years, in accordance with A.S.C.A. § 46.3604(b) and A.S.C.A. § 46.2301(2). On June 27, 1997, appellant was sentenced to 10 years' imprisonment. Execution of the sentence was suspended, and appellant was placed on a five-year term of probation.

The probation was under certain conditions. Appellant was to serve the first 30 months in detention, at the end of the detention period depart and remain outside of the Territory during the balance of the probation term, and conduct himself as a law-abiding citizen.

Appellant departed the Territory in August of 1999 after completing the 30-month detention period. However, he was found in the Territory on July 28, 2000, in violation of the "remain outside" condition of his probation. On August 11, 2000, appellant admitted to violating the conditions of his probation. On September 7, 2000, the trial court modified or enlarged the detention condition of appellant's probation by requiring him to serve an additional 30 months of detention.

On September 18, 2000, appellant moved for reconsideration or new trial with respect to the September 7 modification. The trial court denied this motion on December 5, 2000, and this appeal followed.

---

[*] Hon. John L. Ward II, District Court Judge, District Court of American Samoa, by designation of the Secretary of the Interior.

## Discussion

Appellant raises two issues of error. He first argues that the imposition of additional detention time within his term of probation constitutes a double jeopardy violation of the Fifth Amendment of the U.S. Constitution and the comparable provision set forth in Article I, Section 6 of the Revised Constitution of American Samoa. Appellant also contends that application of the September 7, 2000 modification will create a period of detention beyond the original five-year term of probation, purportedly a statutory violation.

### A. Double Jeopardy

■ As both parties agree, the double jeopardy provision of the U.S. CONST. AMEND. V applies to alterations in sentencing. *United States v. Benz*, 282 U.S. 304, 356 (1930). At the core of the double jeopardy clause, however, is the principle that a defendant must not be punished more than once for the same offense. *See, e.g., Brown v. Ohio*, 432 U.S. 161, 164 (1977); *North Carolina v. Pearce*, 395 U.S. 711, 718 (1969). Appellant's argument fails this test. The trial court's order of September 7, 2000, did not alter the punishment for appellant's conviction for rape, and thus he was not punished more than once for the same offense.

We characterize the arguments advanced by appellant's counsel in his opening brief as "good paper spoilt" and are left to speculate as to why and how he perceives that the double jeopardy prohibitions apply to the facts of this case. We suspect counsel was intending to argue that because a prisoner who has served his term of imprisonment has constitutional protection against that sentence being later expanded by the sentencing court, a probationer under a court monitored revocable and conditional term of probation may reasonably expect his condition of detention, once served, will likewise not be expanded by the sentencing court.

■ We find the facts of this case do not support appellant's novel legal position. Rather, a closer analogy would be to that of a defendant who has served the prison term of his sentence of imprisonment and was released on parole subject to certain conditions, and who then violated the conditions of his release from confinement. In response to such violations, the parole board may revoke the defendant's parole and reincarcerate him to serve out the balance of his original sentence of imprisonment. Under the applicable statutes, misconduct by a probationer who has served a period of detention but not completed his full term of probation may likewise be sanctioned by the supervising court, and the probationer may be required to serve all or part of the remaining probation term in detention.

We agree with and therefore affirm that part of the trial court's holding the double jeopardy provisions of the U.S. Constitution and the Revised Constitution of American Samoa do not apply to the facts of this case. We next consider appellant's claim that a condition of probation may not extend beyond completion of appellant's maximum legal probation term of five years.

## B. Detention Beyond the Probation Term

Appellant next ascribes error to the trial court's decision to impose an additional 30 months' detention, the completion of which will extend five months and some days beyond the end of the original five-year term of probation imposed by the trial court.

Before discussing this issue, we note that the continuing use of the inexact phrase "terms and conditions of probation" has caused some confusion among defendants, the general public, and the bar. The "term" of probation is the length of a defendant's probation as determined by the sentencing court within the maximum limits established by statute. "Conditions" of probation are those requirements established by the court for the defendant to follow during part or all of the term of probation. Detention during the term of probation is designated by statute as a permissible condition of probation. By statute, conditions of probation may generally be revoked or modified at any time by the court. In those specific cases where a defendant violates a condition of probation prior to the expiration or termination of his probation term, the court may revoke probation and either require execution of a previously suspended sentence or impose an authorized sentence upon a defendant, or may continue the defendant on probation with existing or modified or enlarged conditions of probation. The statutes do not provide any clear grant of authority for the court to enlarge the probation term, which, unless earlier terminated by the court, generally expires at the end of its duration. A more detailed analysis follows.

The statutes governing the trial court's authority to impose a term of probation upon a defendant convicted of a crime in the Territory are found in A.S.C.A. §§ 46.2201-.2215. Only one section in the probation statutes—A.S.C.A. § 46.2206 Detention condition of probation—has been amended by the Legislature since enactment in 1979. Originally, § 46.2206 authorized a 60-day maximum period of detention as a condition of probation in felony cases. The Legislature increased the maximum period in 1983 from 60 days to one year. The Legislature in 1987 enacted the present language of the statute, which now limits detention of a defendant on probation for a felony conviction to no more than one-third of the maximum term of imprisonment which could be imposed by the trial court for that particular felony, or 15 years when the maximum

term prescribed is life imprisonment. A.S.C.A. § 46.2206(2).

Appellant bases this allegation of error on the language in A.S.C.A. § 46.2206 as last amended, which allows the trial court to impose "a condition of probation that the defendant submit to a period of detention in an appropriate institution at whatever time or intervals *within the period of probation,* consecutive or nonconsecutive, the court shall designate." A.S.C.A. § 46.2206 (emphasis added). Appellant argues that because the original five-year term of probation was not altered by the trial court, the enlargement of the detention period to extend beyond his original five-year term of probation is prohibited by this language.

■ The applicable sections of the probation statutes, for the purpose of this inquiry, may be grouped under two main and one minor heading. A.S.C.A. §§ 46.2204-.2207 contain provisions generally applicable when the trial court imposes a probated sentence. A.S.C.A. § 46.2208 specifically authorizes the court under certain circumstances to discharge a defendant from the conditions of probation prior to the expiration of his term of probation. A.S.C.A. §§ 46.2209-.2215 address the powers and procedures of the trial court in those situations where, as in the instant case, the defendant has violated a condition of his probation.

Appellant's position implicitly relies upon the statutory language in the first group of statutes addressing the imposition of the probated sentence, particularly A.S.C.A. § 46.2204(a)(1) which, standing alone, appears to limit a term of probation for a felony conviction to "a term of years not less than 1 year and not to exceed 5 years for a felony." This maximum term limit of probation must, however, be interpreted in light of the preceding subsection which modifies its application. A.S.C.A. § 46.2204(a) prefaces subsection (1), stating that *"[u]nless terminated under 46.2207 through 46.2215,* the *terms during which probation shall remain conditional and be subject to revocation* are." (emphasis added).

■ Because this case does involve probation violation proceedings under A.S.C.A. §§ 46.2209-.2215, we need not fully consider the balance of subsection (a) above except to note it facially limits conditional and revocable terms of probation to not more than five years for felonies. Whether or not this language would therefore preclude a trial court from imposing a term of probation in excess of five years for a felony, that was either non-conditional or non-revocable after its fifth year, must await a case presenting those particular facts to be determined.

This case must be reviewed under the beginning clause of A.S.C.A. § 46.2204(a), "[u]nless terminated under 46.2207 through 46.2215." The Legislature's use of the word "terminated" and reference to the last nine sections of the probation statutes do not present, on their face, a clear

exception to the limits of probation terms found in the balance of that subsection. Although "termination" is used in a specific sense in A.S.C.A. § 46.2208, under which the trial court, with good cause, may truncate the term of probation prior to the expiration date of the imposed term of probation, the Legislature obviously intended "terminated," as used in § 46.2204(a), to have a broader meaning than the "termination and discharge" provision of § 46.2208. Otherwise, only that section, rather than nine other sections of law, would have been referenced. This strongly indicates the Legislature intended "terminated" to be used in its broader sense to include both "termination and discharge," which relieves a defendant from his probation with no further punishment, and "revocation" of probation, which subjects the defendant to regular institutional confinement to serve any balance owing on his sentence from the trial court.

As we understand the trial court's decision in this matter, the court relied upon the special procedures and powers of the sentencing court in conducting hearings with respect to defendants arrested for violations of probation, found in A.S.C.A. § 46.2213, when enlarging appellant's period of detention to the maximum statutory limit of five years for this offense. Although that language does provide for somewhat different procedures for a trial court presented with a probation violator, we do not find that these procedures alter the limited options facing the court in probation revocation hearings as set forth in A.S.C.A. § 46.2209. Under § 46.2209 the trial court may continue the probationer "on the existing conditions, with or without modifying or enlarging the conditions, or, if the continuation, modification or enlargement is not appropriate, may revoke probation and order that any sentence previously imposed be executed." Notwithstanding the special proceedings under § 46.2213, § 46.2209 only allows modification or enlargement of *conditions* of probation, not the length of the *term* of probation.

As originally imposed by the trial court on June 27, 1997, execution of appellant's 10-year sentence for felony rape was suspended, and appellant was placed on the five-year maximum period of a conditional and revocable term of probation. Appellant was required by conditions of probation imposed by the court to serve a 30-month detention period (well within the maximum period of one-third of the maximum 15-year prison sentence authorized by statute for this offense), to depart the Territory immediately after the detention period (which, with credit for time served, occurred in August 1999) and not return to the Territory during the balance of the five-year probation term, and to be a law abiding citizen.

Appellant served his detention period and departed the Territory in August 1999, only to return some months later and be arrested on July

28, 2000, well before the five-year period of conditional and revocable probation was to expire on June 26, 2002. After a hearing conducted under A.S.C.A. § 46.2213, the trial court modified or enlarged appellant's condition of detention to an additional 30 months with credit for time served since the arrest in July 2000. As this action does *not* involve an imposition of sentence of imprisonment, the trial court correctly denied appellant's demand to reduce the period of the probation detention condition for all or part of the time appellant had been on probation. A.S.C.A. § 46.2209.

Clearly, the trial court sought the delicate balance between punishing this probation violator while showing leniency by enlarging or modifying the detention condition of his term of probation rather than revoking probation and requiring appellant to serve the balance of his 10-year sentence of imprisonment. However, under the specific facts of this case, the particular sentence and probationary term, and the conditions imposed, the enlarged detention condition of probation may not exceed the lawful expiry date of appellant's five-year term of probation.

 The trial court imposed the maximum felony term of probation of five years "during which probation shall remain conditional and subject to revocation." A.S.C.A. § 45.2204(a). The statutory powers of the court to enforce conditions of probation must be initiated (or made manifest) prior to the expiration of the term of probation. *See* A.S.C.A. § 46.2215. Because the trial court may not extend the maximum term of appellant's five-year probation, it will lose statutory authority to enforce the enlarged condition of detention at the conclusion of the term of probation. As a matter of law, appellant's probation cannot remain "conditional" beyond the maximum term.

 The trial court, on remand, may either limit its enlargement of appellant's period of detention condition to the expiration date of the probationary term or earlier, or may revoke his probation and require execution of the imposed but suspended sentence of 10-years' imprisonment, which with time served credited, would afford appellant mandatory parole sometime in September 2004, unless earlier paroled by the parole board. We note, however, and draw appellant's attention to the fact that unlike the case of a probation violator, the Legislature has specifically provided that upon revocation of parole, the parole violator serves not only the balance of his unexpired prison term but also, as an additional prison term, all the parole term. A.S.C.A. § 46.2308(e).

### Order

Appellant's appeal claiming double jeopardy is denied. His appeal based on the probation statutes is granted. The portion of the additional 30

months' detention period extending beyond the five-year probation term is set aside, and this case is remanded to the trial court to impose consequences of appellant's violation of the departure condition of his probation consistent with this opinion and order.

It is so ordered.