JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Donald Linville, asserts that the common pleas court erred by vacating its original sentencing order and imposing a more severe sentence on him. He contends that the court's action violated his constitutional right against double jeopardy. We agree.
 {¶ 2} Appellant was charged in two counts of a four count indictment filed June 18, 2003. The first count charged him with murder; the second charged him with involuntary manslaughter. On February 18, 2004, he entered a plea of guilty to the involuntary manslaughter charge; the murder charge was dismissed.
 {¶ 3} The court conducted a sentencing hearing on February 24, 2004. At the conclusion of the hearing, the court ordered appellant to "serve a stated term of five years in prison," with credit for time served. In addition, the court informed the appellant that he was subject to a period of post-release control of up to five years, as determined by the parole board. On March 19, 2004, however, the court filed a written journal entry which provided, in pertinent part, that "[t]he court imposes a stated prison term at Lorain Correctional Institution of 3 years on the sole count in this case."
 {¶ 4} The state moved the court to reinstate the five year sentence it imposed at the sentencing hearing. The court then scheduled a resentencing hearing. After a number of continuances, the hearing was ultimately held on August 31, 2004. Appellant's counsel objected to the proceeding, arguing that appellant was already sentenced to a definite term of three years' imprisonment and the court lacked jurisdiction to increase that sentence. The court proceeded with the hearing, vacated the sentence previously imposed, and imposed a sentence of four years' imprisonment, journalizing its written judgment entry on September 2, 2004. Appellant filed the instant appeal with leave of court on January 31, 2005.
 {¶ 5} We agree with appellant that the common pleas court had no jurisdiction to increase the sentence imposed in its written sentencing order of March 19, 2004. Execution of that valid[1] sentence commenced even before the written sentencing order was issued.[2] Thus, jeopardy attached, and although the court could lawfully reduce the sentence,United States v. Benz (1931), 282 U.S. 304, it could not increase it, at least not without statutory authorization that would remove the defendant's expectation of finality.[3]
Cf. United States v. Difrancesco (1980), 449 U.S. 117.
 {¶ 6} The constitutional prohibition against double jeopardy precluded the court from increasing the appellant's sentence. Accordingly, we vacate the sentence imposed by the journal entry of September 2, 2004 and reinstate the sentence previously imposed by the judgment entry dated March 19, 2004.
 {¶ 7} The judgment entry filed September 2, 2004 is vacated. The judgment entry filed March 19, 2004 is reinstated.
 {¶ 8} It is, therefore, considered that said appellant recover of said appellee his costs herein.
 {¶ 9} It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
 {¶ 10} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J. and Kilbane, J. concur.
[1] Three years' imprisonment is the minimum term that may be imposed for a first degree felony. The court also informed appellant that he was subject to post-release control. Hence, the March 22, 2004 order was valid and complete, if perhaps erroneous because it conflicted with the sentence the court orally imposed. This situation is to be contrasted with those cases in which the sentence originally imposed is void because, e.g., it was less than the statutory minimum or was missing some essential element. See, e.g., State v. Heath (Sept. 30, 1997), Lucas App. No. L-97-1099; State v. Santiago (Sept. 27, 1995), Lorain App. No. 95CA6068; State v. Newell (Sept. 2, 1993), Cuyahoga App. No. 63362. Jeopardy does not attach to a void sentence, so it can be corrected at any time, even after execution has commenced.
[2] The record discloses that appellant was admitted to Lorain Correctional Institution on March 1, 2004, for a definite term of three years. It is unclear how the institution determined that this was the appellant's sentence.
[3] Difrancesco makes clear that there is no constitutional barrier to resentencing if the state obtains a reversal of a sentence following appeal, because the defendant has no expectation of finality in a sentence which is subject to appeal. Ohio law provides that the state has a statutory right to appeal a sentence which is contrary to law. R.C. 2945.67(A) and2953.08(B)(2). Thus, had the state obtained a reversal of the March 22, 2004 judgment through an appeal, the double jeopardy clause would not have barred resentencing.