OPINION
{¶ 1} Defendant-appellant, Larry D. Armacost, appeals his conviction in the Clermont County Court of Common Pleas on two counts of resisting arrest.
 {¶ 2} On August 15, 2007, Clermont County Sheriff's Deputies Jonathan Feldkamp and Adam Bailey were dispatched to investigate a complaint of loud noise at a home construction site in New Richmond. The deputies entered a partially constructed home and observed Nathan Arthur and appellant. Once the deputies ascertained appellant's identity, *Page 2 
appellant fled from the building and the deputies pursued him. Appellant stopped and swiped at Deputy Feldkamp with a knife, cutting his face. Deputy Bailey lunged at appellant and appellant swiped the deputy, also cutting his face. Eventually both deputies subdued appellant and arrested him.
 {¶ 3} Appellant was indicted on two counts of felonious assault of a peace officer who suffered serious physical harm in violation of R.C. 2903.11(A)(1) (Counts 1 and 2), two additional counts of felonious assault in violation of R.C. 2903.11 (A)(2) (Counts 3 and 4), and two counts of resisting arrest in violation of R.C. 2921.33(C)(1) (Counts 5 and 6).
 {¶ 4} A jury found appellant guilty as to all counts charged in the indictment, but the trial court merged Counts 3 and 4 with Counts 1 and 2. The trial court imposed a prison sentence of 10 years each on Counts 1 and 2, and 18 months each on Counts 5 and 6, with all sentences to be served consecutively. Appellant objected to being convicted and sentenced on two counts of resisting arrest, and the trial court overruled his objection. Appellant appeals, raising the following assignment of error.
 {¶ 5} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON TWO COUNTS OF RESISTING ARREST."
 {¶ 6} In his assignment of error, appellant argues that the Double Jeopardy Clauses of the United States and Ohio Constitutions prohibit multiple punishments for the same offense. Appellant claims that he only committed one act of resisting one arrest, and maintains he cannot be convicted of both Counts 5 and 6. In essence, appellant's argument is that his two convictions for resisting arrest are allied offenses of similar import.
 {¶ 7} The Double Jeopardy Clauses of the United States and Ohio Constitutions preclude the imposition of multiple punishments in a single proceeding for the same substantive offense. See Blockburger v.United States (1931), 284 U.S. 299, 52 S.Ct. 180; United States v.Benz (1930), 282 U.S. 304, 51 S.Ct. 113; Brown v. Ohio (1977), *Page 3 432 U.S. 161, 166, 97 S.Ct. 2221.
 {¶ 8} R.C. 2941.25, Ohio's allied offense statute, protects against multiple punishments for the same criminal conduct, which could violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. R.C. 2941.25 provides:
 {¶ 9} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 10} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 11} The test for determining whether two offenses are the same for double-jeopardy purposes is "whether each offense requires proof of an element that the other does not." State v. Rance, 85 Ohio St.3d 632,634-635, 1999-Ohio-291, citing Blockburger, 284 U.S. at 299. Further, the Ohio Supreme Court has recognized that "R.C. 2941.25(B) demonstrates a clear indication of the General Assembly's intent to permit cumulative sentencing for the commission of (1) offenses of dissimilar import and (2) offenses of similar import committed separately or with separate animus." State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 17;Rance at 636.
 {¶ 12} The Blockburger test and Ohio two-tiered test for allied offenses of similar import are rules of statutory construction designed to determine legislative intent. See, e.g., Rance, 85 Ohio St.3d at 635. And while the Ohio two-tiered test for determining whether offenses constitute allied offenses of similar import is helpful in construing legislative intent, "it is not necessary to resort to that test when the legislature's intent is clear from the *Page 4 
language of the statute." Brown, 119 Ohio St.3d at ¶ 37.
 {¶ 13} Appellant was convicted of two counts of resisting arrest in violation of R.C. 2921.33(C)(1), which provides: "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person if * * * [t]he offender, during the course of or as a result of the resistance or interference, recklessly causes physical harm to a law enforcement officer by means of a deadly weapon * * *."
 {¶ 14} Appellant maintains that he cannot be convicted of multiple counts of resisting arrest under R.C. 2921.33(C)(1), because he committed only one act by resisting only one arrest. However, the act of resisting arrest is but one element of the offense of resisting arrest in violation of R.C. 2921.33(C)(1). Such an offense is not complete until the offender "during the course of or as a result of the resistance or interference, recklessly causes physical harm to a law enforcement officer by means of a deadly weapon." R.C. 2921.33(C)(1). The record indicates that while fleeing from and struggling with Deputies Feldkamp and Bailey, appellant separately and intentionally struck each deputy with a deadly weapon.[1]
 {¶ 15} In State v. Jones (1985), 18 Ohio St.3d 116, the Ohio Supreme Court held that multiple convictions for aggravated vehicular homicide in violation of R.C. 2903.06 can arise from a single instance of a person's reckless operation of his vehicle. See, also State v.Morris (Nov. 24, 1999), Hamilton App. No. C-990179, 1999 WL 1488923. "The court first examined the words of the vehicular-homicide statute that prohibited `recklessly causing the death of another.' It then stated that the conduct of recklessly causing the death of two persons with the defendant's automobile represented `two offenses of dissimilar import — the "import" under R.C. 2903.06 being each person killed.'"Morris, 1999 WL 1488923 at *1. *Page 5 
 {¶ 16} Likewise, the statutory language of R.C. 2921.33(C)(1) supports a similar finding. The conduct prohibited by R.C. 2921.33(C)(1) is "recklessly caus[ing] physical harm to a law enforcement officer by means of a deadly weapon" while resisting arrest. This statute is not an enhancement penalty for the act of harming an officer while resisting arrest. Had the General Assembly intended no more than to enhance the penalty for resisting arrest when an officer is injured, it could have done so without enacting R.C. 2921.33(C)(1). See Jones,18 Ohio St.3d at 118. For this reason, we hold that R.C.2931.33(C)(1) authorizes a conviction for each law enforcement officer injured by an offender using a deadly weapon while resisting arrest.
 {¶ 17} We view appellant's conduct as representing two offenses of dissimilar import — with the "import" under R.C. 2931.33(C)(1) being each law enforcement officer injured by the reckless use of a deadly weapon. Id. Accordingly, we find that under the facts of this case, appellant committed two separate acts of resisting arrest in violation of R.C. 2921.33(C)(1). Because appellant can be convicted and sentenced for each separate act, Counts 5 and 6 are not allied offenses of similar import, and there is no double jeopardy violation. Appellant's assignment of error is overruled.
 {¶ 18} Judgment affirmed.
YOUNG and POWELL, JJ., concur.
[1] Appellant does not dispute that the knife he used during the commission of these offenses is a "deadly weapon" as defined in R.C. 2923.11. *Page 1