JOHNSON, C.J.,
would grant defendant’s writ application and assigns reasons.
hi would grant this application to answer a question that potentially affects scores of inmates serving long sentences in Louisiana. In my view, relator’s sentence has been rendered illegal by the ameliorative sentencing provisions of La. R.S. 15:308(B). I would remand to the district court for review of the illegal sentence.
In 2001, the legislature reduced the penalties for a variety of offenses including narcotics offenses formerly carrying life sentences and third and fourth offender mandatory life penalties. See 2001 La. Acts 403 (eff. 6/15/01). Act 403 § 6 provided that the amendment “shall only have prospective effect.” The same legislative act also created the Risk Review Panel, which had “the duty to evaluate the risk of danger to society which each person convicted of a [non-violent] crime ... may present if released from confinement.” R.S. 15:574.22(G).
Despite the general rule that ameliorative legislation is to be applied prospectively, the legislature subsequently enacted R.S. 15:308 by 2006 La. Acts 45, which provided for retroactive application. As enacted in 2006, La. R.S. 15:308 provided:
Ameliorative penalty provisions; ret-roactivity; amendment of sentence; time ^limitations
A. (1) The legislature hereby declares that the provisions of Act No. 403 of the 2001 Regular Session of the Legislature provided for more lenient penalty provisions for certain enumerated crimes and that these penalty provisions were to be applied prospectively.
(2) The legislature hereby further declares that Act No. 45 of the 2002 First Extraordinary Session of the Legislature revised errors in penalty provisions for certain statutes which were amended by Act No. 403 of,the 2001 Regular Session of the Legislature and that these revisions were to be applied retroactively to June 15, 2001, and applied to any crime committed subject to such revised penalties on and after such date.
B. In the interest of fairness in sentencing, the legislature hereby further declares that the more lenient penalty provisions provided for in Act No. 403 of the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions: R.S. 14:56.2(D), 62.1(B) and (C), 69.1(B)(2), 70.1(B), 82(D), 91.7(C), 92.2(B), 92.3(C), 106(G)(2)(a) and (3), 106.1(C)(2), 119(D), 119.1(D), 122.1(D), 123(C)(1) and (2), 352, and 402.1(B), R.S. 15:529.1(A)(l)(b)(ii) and ■ (c)(ii), 1303(B), and 1304(B), R.S. 27:262(C), (D), and (E), 309(C), and 375(C), R.S. 40:966(B), (C)(1), (D), (E), (F) and (G), 967(B)(1), (2), (3), and (4)(a) and (b), and (F)(1), (2), and (3), 979(A), 981, 981.1, 981.2(B) and (C), and 981.3(A)(1) and (E), and Code of ■ Criminal Procedure Art. 893(A) prior to June 15, 2001, provided that such *760 application ameliorates the person’s circumstances.
C. . Such persons shall be entitled to apply to the Risk Review Panel pursuant to R.S. 15:574.22.
But, in 2012, La. R.S. 15:308(0 and La. R.S. 15:574.22 were repealed and sentence review by the Risk Review Panel was eliminated. La. R.S. 15:308(C) has since been re-enacted by 2014 Act 340, providing that those subject to the ameliorative sentencing provisions “... shall be entitled to apply to the committee on parole pursuant to R.S. 15:574.2.”
Here, the legislature has declared the defendant’s sentence illegal and it is not the function of the committee on parole to review illegal sentences. Pursuant to La. C.Cr.P. art. 881.5, the court in which the sentence was imposed may, at any time, correct a sentence that exceeds the maximum penalty authorized by law. The judiciary therefore has authority to amend its judgments after they become final as a result of the legislature’s reassessment of the appropriate penalties for an offense. Moreover, in United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), the United States Supreme Court upheld the discretion of a district court to reduce a defendant’s sentence from ten to six months after the sentence began. The court stated:
We find nothing in the suggestion that the action of the district court in reducing the punishment after the prisoner has served a part of the imprisonment originally imposed was a usurpation of the pardoning power of the executive. The judicial power and the executive power over sentences are readily distinguishable. To render judgment is a judicial function. To carry the judgment into effect is an executive function. To cut short a sentence by an act of clemency is an exercise of executive power which abridges the enforcement of the judgment, but does not alter it qua judgment. To reduce a sentence by amendment alters the terms of the judgment itself and is a judicial act as much as the imposition of the sentence in the first place.
Benz, 282 U.S. at 311, 51 S.Ct. at 115.
Because the defendant’s sentence has been rendered illegal by act of the legislature, and because the judiciary has the authority to correct an illegal sentence, I would remand the matter to the district court for review.